Singleton *vs.* Gayle.

SINGLETON *VS.* GAYLE.

1. The representative of one who, at an administrator's sale, purchased for an inadequate price, slaves assumed to be subject to a mortgage which had lost its lien, is a necessary party to a bill filed by the mortgagee seeking to foreclose the mortgage, to protect the interest of creditors; and without making such representative a party, no decree can be had in the cause.

2. An executor who has one of the slaves in possession, should also be made a party to the bill.

3. Where a complainant neglects or refuses to make the necessary parties defendants to his bill, after objection made—the court will be authorised to dismiss the bill without prejudice.

4. A bill to foreclose a mortgage, where the record contains no proof of the execution of the bond and mortgage, will be dismissed.

5. A record in chancery must shew affirmatively all the evidence necessary to sustain it.

6. Where the language of the master's report is such as to warrant the belief that the bond and mortgage had been produced before him and proved, it will be sufficient: but where the report does not warrant such a belief—the production and proof before him of the bond and mortgage will not be presumed.

7. The report of a master before a decree of reversal, and on which report the decree is in some measure founded, cannot be afterwards considered.

8. The statute making an instrument of writing evidence of the debt or duty for which it was given, does not apply to suits in chancery.

9. Before a decree is pronounced, on a bill taken *pro confesso*, the court must be satisfied by sufficient evidence, of the justice of complainant's demand—(Aik. Dig. 288.)

Singleton *vs.* Gayle.

10. The answer of one defendant in chancery, cannot be read as evidence to charge a co-defendant.

11. Notice of the existence of a lien, admitted by one who purchased at an administrator's sale under the lien, cannot bind those who claim under the purchaser.

12. Nor does such notice admitted, supercede the necessity of proving the lien, when it is attempted to be enforced.

13. A decree cannot be rendered against defendants, as executors *de son tort*, who are not sued in that character.

14. Where one is charged as administrator of an estate, a decree cannot be rendered against him as a purchaser, with notice of a lien in favor of a complainant, seeking to enforce the lien.

15. No decree can be had against a purchaser without notice of a lien, unless his vendor, who was a purchaser with notice, be made a party.

Error to the Circuit court of Monroe, exercising chancery jurisdiction.

Bill of foreclosure, tried before *Lipscomb,* J.

This case was before the Supreme court, at July term, eighteen hundred and twenty-eight—(See 1 Stewart, 566, where the case is reported at length.) It was remanded with a view, among other things, of enabling the complainant to make additional parties defendants. This duty, it appears, was neglected by complainant, and a decree rendered against him below—to review which decree, the case was again brought up to this court.

*Hopkins,* for the plaintiff in error.
*Gayle,* contra.

ORMOND, J.—The view which we take of this case,

renders it unnecessary to consider most of the points which have been raised in the very elaborate investigation which the case has received.

The cause has been pending in our courts fourteen years. It was before this court in the year eighteen hundred and twenty-eight, when a decree was made reversing the decree which had been rendered in the Circuit court, and remanding the cause for further proceedings—(1 Stewart, 566.) The cause was again heard in the Circuit court, and the bill dismissed, from which a writ of error is prosecuted to this court.

The bill is filed to foreclose a mortgage on a number of negroes, which it is alleged had been executed by Matthew Gayle, to the plaintiff. After the death of Matthew Gayle, the negroes so mortgaged were sold, subject to the mortgage of the plaintiff, and purchased by Mary Gayle, widow of Matthew Gayle, deceased. Before the finding of the bill, Mary Gayle had also departed this life. It is our opinion, that her representative is a necessary party in this cause, to protect the interest of creditors, and that without making such party, no decree can be had in the cause—(4 Porter's Rep. 245.) The executor of Billups Gayle, should also have been made a party, as the record discloses that one of the negroes purchased by Mary Gayle is in his possession, as the executor of Billups Gayle.

It is true, as a general rule, that a bill will not be dismissed for want of proper parties; but as no final decree can be made in the cause until the parties are all before the court,—if after the objection is made for want of proper parties, the complainant neglects or refuses to make

Singleton *vs.* Gayle.

the necessary parties, the court will be authorised to dismiss the bill, though in such cases it would be proper to dismiss without prejudice.   In this case, this objection was taken when this cause was here in eighteen hundred and twenty-eight.   The court then held, that the bill should not have been  dismissed for that defect, but that the bill should have been amended.   No steps have since been taken to remedy this defect by the complainant.   He must, therefore, abide the effect of his supine negligence.

The decree of dismissal is sustained on another ground : there is no proof whatever in the record, of the execution of the bond and mortgage.   Indeed, it does not appear that either the bond or mortgage have ever been produced in the cause.   The bill contains, as exhibits, two instruments, which are alleged to be  copies of the originals, and it is stated that the  originals will be produced on the trial.

It is, however, supposed by the complainant's counsel, that the bond and mortgage are proved by the report of the master, which is in these words:  " Additional report, made 8th March, 1828—Richard Singleton, by virtue of the claims contended for in the bill filed in this cause.

" Principal,                                         $1100
" Interest to 8th March, at 7 per cent,            1276  91

As the record in a chancery cause must show affirmatively all the evidence necessary  to sustain it, it follows that this cannot be received as proof of  the execution of the bond and  mortgage : it does  not profess to  be any thing more than a mere calculation of the amount due at the time of making the report, and cannot be received as

8 P.                          35

Singleton *vs.* Gayle.

proof of the deeds. This point was expressly ruled by this court, in Wilkins & Hall vs. Wilkins, (4 Porter's R. 246.)

If the language of the master had been such as to warrant the belief, that the bond and mortgage had been produced before him and proved, it would be sufficient; but we do not understand from his report, that he intended any thing more than a mere calculation of interest.

But this report, such as it is, was made before the reversal of the cause in this court in eighteen hundred and twenty-eight, which reversal was founded in part on this report of the master. It cannot, therefore, be now considered for any purpose.

It is maintained by the counsel for the plaintiff in error, that the statute making any instrument of writing, whether under seal or not, evidence of the debt or duty for which it was given, unless its execution is denied on oath,—applies to this case, and dispensed with the necessity of further proof.

We are of opinion, that the act does not apply to suits in chancery. The law regulating proceedings in chancery, (Aik. Dig. 288,) declares that "before a decree is pronounced on a bill taken *pro confesso*, the court shall be satisfied by sufficient evidence of the justice of the complainant's claim or demand—As in the analagous case at law of a judgment by default, no proof would be necessary, it follows very conclusively, that it was not intended the act should apply to suits in chancery. —(See the case last cited.)

It is also insisted, that the admission by John Gayle, administrator of Matthew Gayle, of the justice of the

Singleton *vs.* Gayle.

complainant's demand, is sufficient proof. Waiving, for the present, the consideration of the question, whether an admission will in any case dispense with proof of the execution of a deed—such admission, if made, will not dispense with proof in this case. The persons in whose possession the negroes in controversy are, have answered, and do not admit the allegations of the bill.

The answer of John Gayle, if proof against him, is not proof against them. No rule of chancery is more conclusively settled, than that the answer of one defendant in chancery, cannot be read against another. With as little plausibility can it be contended that the notice which Mary Gayle had of the existence of the mortgage, at the time of her purchase of the negroes, will operate as an admission, and bind those claiming under her. Notice of the existence of a lien, will surely not supersede the necessity of proving the lien, when it is attempted to be enforced.

The complainant's counsel insists, that those in possession of the negroes, may be considered as *executors de son tort* of Mary Gayle. If it were true, that their acts would subject them to liability as such, they are not sued in that character; therefore, no decree can be had against them as such—(Toller's Law of Ex'rs, 36, 37; 4 Munf. 143.)

It is also insisted, that as John Gayle admits that he has three of the mortgaged négroes in his possession, a decree may be made against him for them, as the administrator of Matthew Gayle. By his answer, he shows that he claims two of them by purchase from Levin Gayle, who purchased them from Mary Gayle:

the other belongs to the estate of Mary Gayle.    It is a sufficient answer to this, that he is not proceeded against as a purchaser with notice, but he is charged as administrator of Matthew Gayle.    In the latter character, he is clearly not liable, as by the sale to Mary Gayle, the property passed out of the estate of Matthew Gayle.

In addition, it must be remarked, that as John Gayle claimed two of the negroes in his possession, by virtue of a purchase from Levin Gayle, who had purchased from Mary Gayle, no decree could be had against John Gayle, without making the legal representatives of Mary Gayle parties to the suit.

In a case circumstanced like this, it was improper to dismiss the bill generally,—it should have been dismissed without prejudice to any suit the plaintiff may hereafter think proper to institute.

The decree of the court below, must therefore be so far modified, as to dismiss the plaintiff's bill, without prejudice to any suit he may hereafter institute.    The complainant must pay the costs of this court, and of the court below.