## HALL *et als*. *vs*. HUGGINS *et als*.

1. The purchaser of an equity of redemption, at a sale made by order of the Orphans' Court, is a necessary party to a bill which seeks a foreclosure of the mortgage.

ERROR to the Chancery Court of Mobile. Tried before the Hon. J. W. Lesesne.

THIS was a bill to foreclose a mortgage, filed by the defendants in error. One of the mortgagors had died, and his interest in the mortgaged premises had been sold by an order of the Orphans' Court. Hall, the purchaser at the sale, was made a defendant to the bill, and answered, but the complainants dismissed their bill as to him, and a decree of foreclosure and sale was rendered without him.

CAMPBELL, for plaintiffs in error.

HOPKINS, *contra:*

The general principle, that all who are interested must be joined as plaintiffs or defendants, has been much modified.— Chief. Just. Marshal says, in Elwendorf v. Taylor, 10 Wheat. 152, "that the objection" in relation to the proper parties, "does not affect the jurisdiction, but addresses itself to the policy of the court." " The rule is framed by the court itself, and is subject to its discretion. It is not like the description of parties, an inflexible rule, a failure to observe which turns a party out

of court, because it has no jurisdiction over his cause; but being introduced by the court itself, for the purposes of justice, is susceptible of modification for the promotion of these purposes."

Here, Hall had been in court through the whole cause. He had made his whole defence. The court had decreed this defence to be insufficient. At the moment of the final decree, the complainants dismiss as to him. The court sees fit to grant a decree that does not include him. Can Hansfeldt complain of this? Perhaps Hall is not concluded by the decree, although he was a party till it was made. But what if he is not? Will the Supreme Court examine into the discretion, by which it allowed the complainants to dismiss as to him, and yet decreed as to Hansfeldt, and the others.

Hall had the privilege of a defence, of contesting the bond, the mortgage, and the account. The other defendants had the aid of Hall's answers. Why should he have been also subjected to the decree? What beneficial purpose, or end of justice, could have been answered by a decree against him? Lord Eldon, in Cockburn v. Thompson, 16 Ves. Jr. 325, says, that " this rule was established for the convenient administration of justice, and it has many exceptions."

Incumbrancers either prior or subsequent, are not necessary parties to a bill to foreclose.—Cullum v. Batre, 2 Ala. 420 ; 6 ib. 460. But they would not be concluded.—Ib.; see Story, 178, note 2.

From the reasoning of the books, I infer that the case of Hall is one, in which the decree which the chancellor made without including him, would not be set aside as erroneous. There is a difference between a party to a bill, and a party to a decree. The reasons given in the books for making all persons who are interested in the subject, parties to the suit, are stated as reasons of propriety and convenience. These reasons are satisfied by having made Hall a party to the litigation, without having made him a party to the final decree. As,

1. " That the whole case may be seen, and the conflicting interests be brought out."—Story's Eq. Plead. p. 75. This object is here answered.

2. The owners of the equity, or "mortgagors," "are proper parties to the account."—Ib. 180. So here, Hall was a party to the taking of the account three times.

14

3. " Ultimately he" (part owner of the equity,) " is entitled to redeem," " as the person having the ultimate interest."—Ib. 180. Hall had notice by a litigation of seven years, during which time he might have redeemed.

4. " To prevent future litigation."—Ib. 75.

No possibility of " litigation" remains in this case, between Hall and the complainants, on the score of the account as to which no exception was pending before the Register. Nor can litigation arise between Hall and a purchaser at the sale, unless it be by distinct titles for the premises, which Hall may hereafter set up. This danger would not have been removed, if he had remained a party to the final decree. He urged no such title in his second answer. He is not in possession. He could bring ejectment on such title at all events, at any time hereafter.

PARSONS, J.—1. It is assigned as error, that the final decree was made at a time when the court was not authorized to be held by law, and without legal authority. It is, however, unnecessary to decide this question, because the decree has to be reversed upon another ground.

2. The complainants dismissed their bill as to Daniel E. Hall, and afterwards proceeded without him as a party. This we think, was erroneous.

E. S. Beebe and George W. Clark were the mortgagors; the former died; and his interest as mortgagor was sold under an order of the Orphans' Court, and Mr. Hall become the purchaser, and as such, was made a defendant and answered. Generally, to a bill to foreclose, the mortgagor is a necessary party, but not so in this case, in consequence of his death, and of the sale of his equity of redemption. But Mr. Hall, as the purchaser of this equity of redemption, was clearly a necessary party, and there could be no decree of foreclosure or of sale without him. He was a necessary party to the account, and was entitled to redeem.—Singleton v. Gayle, 8 Porter, 270; Story's Eq. Plead. § 195-196-197.

After looking into the exact state of the record, we are not satisfied that there is any other error. The decree is reversed, and as the complainants may possibly be able to show a sufficient ground for leave to make Mr. Hall a party again, we remand the cause.