# REPORTS

OF

# CASES ARGUED AND DETERMINED

## AT THE JUNE TERM, 1860.

———◦◦◦———

## BEAN *vs.* BEAN'S ADM'R.

[BILL IN EQUITY FOR ACCOUNT, PARTITION, AND DISTRIBUTION OF DE-
CEDENT'S ESTATE.]

1. *Multifariousness.*—A bill, filed by a widow, jointly with her only child
by her first husband, against the administrator and heirs-at-law of her
second husband, asking an account of the hire of certain slaves, in
which the widow had a life-estate at the time of her first marriage,
during the period of her second husband's possession of them, a parti-
tion of the slaves between her and her child, and the recovery of her
distributive share of her second husband's estate,—is multifarious,
since it asserts separate and distinct rights, in which the complainants
have no community of interest.

2. *Dismissal for multifariousness.*—Although the chancellor seldom
should, he nevertheless may, *sua sponte*, dismiss a bill for multifari-
ousness; and if the objection really exists, the appellate court will
not reverse his decree.

APPEAL from the Chancery Court of Pike.
Heard before the Hon. WADE KEYES.

THE facts of this case, as disclosed by the averments of
the bill, are these : Alley Riley died, in 1829, in Autauga
county, Alabama ; and by his last will and testament, which

was duly admitted to probate after his death, devised and bequeathed to his widow, Mrs. Dorcas Riley, a life-estate in all his property, consisting of lands and slaves. The estate was duly administered, and the property passed into the possession of the widow, who, in 1840, married one Jackson Mallet. Mallet died in 1845, intestate, "leaving no property of much value, except the life-estate of said Dorcas in said slaves, and another slave purchased by her, prior to her marriage with him, with the proceeds of her said life-estate;" his widow and an only child by her, Charles Mallet, being the distributees of his estate. In 1846, the widow married one Alexander Bean, having in her possession all the slaves which she had received under the will of her first husband, together with some other property, which had been purchased with the proceeds of their labor; all of which went into the possession of said Bean on his marriage, and were used and enjoyed by him up to the time of his death, which occurred in 1855.

In March, 1857, Mrs. Dorcas Bean and Charles Mallet filed their bill against the personal representatives and heirs-at-law of said Alexander Bean; alleging, in addition to the facts above stated, that the marital rights of Jackson Mallet attached to the property in which the said Dorcas had a life-estate at the time of her marriage with him; that his estate had never been settled and distributed, but had remained together undivided, and was ready for settlement; that the respective interests of the complainants in said estate had never been ascertained or set apart to them, but the entire undivided property had been used and enjoyed by said Bean during his marriage with said Dorcas; and that said Bean's marital rights had never attached to said property, because he had never reduced to possession any particular ascertained portion thereof. The prayer of the bill was, that the personal representative of said Bean "be required to account for the hire of said life-estate slaves during the time said Bean had them in his possession, receiving and appropriating their hire; also, that the said slaves, with the other property purchased with the pro-

ceeds thereof, be divided between complainants, and the right to the share of each, when ascertained, be vested in them respectively, according to the terms of said Riley's will, and the law governing the distribution of the same, as part of the estate of said Mallet; also, that complainant Dorcas be decreed her portion of the estate of said Bean, and for such other and further relief as the nature of complainants' case may require."

The chancellor dismissed the bill, *sua sponte*, for multifariousness; and his decree is here assigned as error.

PUGH & BULLOCK, for appellants.

H. W. HILLIARD, *contra*.

A. J. WALKER, C. J.—One of the objects of this bill is to recover the interest of Dorcas Bean in the estate of her deceased husband, Alexander Bean. In that branch of the case, Charles Mallet, the co-complainant of Dorcas Bean, has not the slightest interest, and he has no connection with it. For the purposes of this opinion, we will concede to the complainants, without deciding the question, that upon the facts alleged the two complainants were, as distributees of the estate of Mallet, vested with a joint ownership in the property, which was originally derived from the estate of Riley, and the accessions to it. This being conceded, the complainant Charles Mallet may have a right to recover from the estate of Bean for the use of his moiety of the property. But the other complainant, Dorcas Bean, can have no such right; for, by the marriage in 1846, to Alexander Bean, and the reduction to possession by the husband, the latter became entitled to his wife's personalty, and to the usufruct of her real estate during the coverture. If she had a separate estate in the property, (which the bill does not show,) it is not affected by our married woman's laws, and the husband's representative would not be responsible to her for the income, rents, and profits, which she had permitted him to receive during the coverture.—*Roper v. Roper*, 29 Ala. 247. There is no point

of view in which Dorcas Bean is interested in the recovery for the use by her husband of the property which she and her co-complainant had at the time of her marriage; and the same thing is true as to property procured with the proceeds or income during the marriage. There is, therefore, not the slightest interest in Dorcas Bean, so far as the right of her co-complainant to recover for the use of the joint property is concerned. The bill seeks nothing so far as the property itself is concerned; for it is in the possession of Dorcas Bean, and does not seem to be even claimed by the heirs or representatives of Bean's estate.

The bill, then, does not make out a case of any community of interest in the two complainants, but is designed to enforce rights distinct, unconnected, and having no relation to each other, and not such as to make it even a matter of convenience to consider them together. Such a bill is multifarious.

[2.] It is objected, that the chancellor dismissed the bill for multifariousness in the absence of a demurrer. It is rarely advisable that a chancellor should, *sua sponte*, dismiss a bill for such a cause; still, this court has decided, that he may do so, and that the decree will not be reversed, if the objection really exists.—*Felder v. Davis*, 17 Ala. 418. The decision referred to is well sustained by the authorities, and we are content to abide by it.—1 Dan. Ch. Pl. and Pr. 397; Story's Eq. Pl. § 284 *a; Greenwood v. Churchill*, 1 M. & K. 516; 3 Howard, 411; 10 Ohio, 456.

Decree affirmed.