WALLER ET AL. *vs.* TAYLOR, ADM'X, ET ALS,

[BILL IN CHANCERY—CHANCERY PLEADING.]

1. *Multifariousness ; instance of.*—Where difficult matters having no connection with each other, are joined in a bill against several defendants, a part of whom have no interest in, or connection with, some of the distinct matters, for which the suit is brought, a demurrer to the bill will lie for multifariousness, and the bill be dismissed, but without prejudice.

APPEAL from the Chancery Court of Dallas.
Heard before Hon. JNO. Q. LOOMIS.

THIS was a bill filed by Henry H. Bender and Nathaniel Waller, against Sarah Taylor and her husband, J. C. Taylor, as administrators of Walter R. Rand, deceased, Noah H. Gewin and Mary Ann Gewin, his wife, Joseph J. Young, Ann K. Rand, Greene B. H. Rand, Eliza W. Rand, Sarah W. Rand, and N. G. Rand. The statements of the bill, and the nature thereof, will appear from the written opinion filed in the case by the chancellor, which is here copied as follows :

"This cause comes up to be heard on demurrer, on the ground of multifariousness, misjoinder of parties, and causes of action.

1. The bill of complainants avers, that on the 25th day of June, 1863, W. R. Rand contracted to sell them certain

lands, and on the 27th November, 1863, said Rand and wife executed a deed, with covenants of warranty, for said land, to H. H. Bender; but that, in said deed, there was a mistake made, leaving out certain land that should have been included, and including other land that did not belong to said Rand; and was executed to H. H. Bender alone, when it should have been made to Bender & Waller.

2. That on the 8th day of December, 1863, complainants leased the land so purchased, to the said Rand, for one year, for 25,000 pounds of cotton, and that said rent, nor any part thereof, had been paid.

3. That on the 26th day of March, 1864, by contracts in writing, under seal, complainants agreed to sell the lands purchased from Rand, back to him, for 300,000 pounds of ginned cotton, in annual instalments, extending from 1st of January, 1866, to 1st January, 1871; and that this contract was subject to the lease; that Rand went into possession under the lease, and continued in possession under that and the contract, until his death; and his administrators since; and that no rent, nor any part of the cotton had been paid or delivered.

4. That Rand was possessed of a large estate in negroes and other personal property, but that in consequence of the war, &c., the estate has become insolvent; and the plantation is not now kept up, and the administratrix has filed her petition in the probate court to have the estate declared insolvent.

5. That N. G. Rand, M. A. Gewin, and Joseph J. Young, each claim some interest, or title, in the land purchased from W. R. Rand, or some part thereof. And upon this state of facts, the complainants pray the following relief:

1. A reformation and correction of the deed from Rand and wife, of December, 1863.

2. That the court would take jurisdiction, and proceed to settle the estate of W. R. Rand.

3. That rent may be decreed for the land, for the year 1864, and a lien declared in their favor, on the crops of that year.

4. That they may be decreed damages for the breach of the contract of sale.

5. That they may be decreed damages for the breach of the covenant of seizure, in the deed of December, 1863.

6. Damages for the breach of the contracts and agreements, as set forth in the bill.

7. Possession of the lands, the rents and profits, and the appointment of a receiver.

8. Discovery and general relief.

From this statement of the facts, and the prayer of the bill, it appears that the objects of the bill are—first, to correct and reform the deed made by W. R. Rand and wife to H. H. Bender, and to this extent is for a specific performance of the contract made by W. R. Rand on the 25th day of June, 1863. And as this is the only part of the bill with which the defendant, N. G. Rand, Gewin and wife and Young can possibly be connected, let us see if they are proper parties in this aspect of the case. If a bill should be brought for a specific performance upon the sale of an estate, it would be multifarious to include in such bill a prayer for relief against third persons who should claim an interest in the estate, and who were unconnected with the sale.—Story's Eq. Pl., Sec. 272, and authorities cited. The first object of this bill is evidently to correct the deed, and thus specifically enforce the contract of sale, and seeks to bring in third persons who, it is averred, claim an interest in the estate, though wholly disconnected with the sale.

Secondly, the bill seeks to take the settlement of the estate of W. R. Rand from the probate court, where it is in a course of settlement, and transfer it to a court of chancery for adjudication.

How are the defendants, N. G. Rand, Gewin *et als.*, interested in this matter; or the claims for rent under the lease; or damages for the breach of contract; or covenant of seizin; or the failure of Rand, or his legal representatives, to comply with the contract of purchase of 1864? Or, are they, in any way, connected with, or interested in, the questions as to who shall have the rents and profits; or whether a receiver shall be appointed or not? A bill is always liable to any objection, on the ground of multifariousness, when a party thereto is able to say, he is brought in as a

defendant upon a record with a large portion of which and the case made by which, he has no connection whatever. These defendants can well say this, and for this reason, as well as that they are improper parties to a bill for specific performance, the bill is obnoxious to the charge of multifariousness. For, while it is extremely difficult, if not impracticable, to lay down any general rule on the subject of multifariousness, yet, where difficult matters having no connection with each other, are joined in a bill, against several defendants, a part of whom have no interest in, or connection with some of the distinct matters, for which the suit is brought, and who would be put to the trouble and expense of litigating such matters stated in the bill, it is clear such a bill is multifarious."

A decree was accordingly entered sustaining the demurrer and dismissing the bill, (but without prejudice,) on the ground of multifariousness. From this decree the complainants appealed, and assign the same for error.

FELLOWS & JOHNS, for appellants.
PETTUS & DAWSON, contra.

JUDGE, J.—The opinion of the chancellor shows conclusively that the bill in this case is multifarious ; and for this reason it was rightfully dismissed.— *Tasker v. Small*, 3 Mylne & Craig, 63 ; *Mole v. Smith*, Jac. 490 ; *Robertown v. G. W. Railway Co.*, 10 Simons, 314 ; *Wood v. White*, 4 Mylne & Craig, 460 ; *Bean v. Bean's Adm'r*, 37 Ala. 17 ; Story's Eq. Pl., Sec. 272.

Decree affirmed, and appellant must pay the costs of this court.

BYRD, J., not sitting.