# American Refrigerating & Construction Co. *v.* Linn.

*Bill in Equity by Stockholder in Domestic Corporation, for Injunction against Foreign Corporation owning Majority of Stock.*

1. *Multifariousness.*—A bill filed by a stockholder in a domestic corporation, against a foreign corporation which owns a majority of the stock, to prevent the latter corporation from voting its stock at an election for directors, and seeking also to enjoin a former officer from voting stock issued to him in trust, on the ground that the indebtedness intended to be secured by it has been paid, and the stock really belongs to the corporation, is multifarious.

2. *Suit for damages, at law and in equity.*—For damages resulting from defects in machinery built and erected by defendant for complainant, an action at law is an adequate remedy, and a bill in equity can not be maintained.

3. *Injunction at suit of stockholder in domestic corporation, to restrain foreign corporation from voting stock at election for directors.*—A court of equity will not interfere by injunction, at the suit of a stockholder in a domestic corporation, to prevent a foreign corporation from voting its majority of stock at an election for directors, unless it clearly appears that the business interests of the two corporations are antagonistic.

APPEAL from the Chancery Court of Jefferson.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 21st January, 1889, by Edw. W. Linn, on behalf of himself and other stockholders of the Alabama Ice & Cold-Storage Company, a corporation organized at Birmingham under the general statutes; against the said corporation, and against the American Refrigerating & Construction Company, a corporation organized and doing business in Pennsylvania, and also against J. M. Rutherford, T. H. Butler and O. W. Cole individually. The bill sought principally to prevent said Pennsylvania corporation, and Butler and Cole, its agents under power of attorney, from voting the majority of stock which it had acquired in the Alabama corporation, at an election for directors which was to be held in February; and it sought to restrain Rutherford from voting certain shares of stock standing in his name, on the ground that the stock was transferred to him in trust to secure an outstanding indebtedness of the company, which had since been paid. A demurrer to the bill was filed by the Pennsyl-

[American Refrigerating & Construction Co, v. Linn.]

vania corporation, in which Butler joined, on the grounds (1) that complainant showed no right to sue in his own name, (2) that the bill was multifarious, and (3) that it was without equity; and after answer filed, they submitted a motion to dismiss the bill for want of equity, and on the denials of the answer. The chancellor overruled the demurrer on the grounds stated, and also overruled a motion to dissolve the injunction. The defendant corporation appeals, and assigns the chancellor's decree on each point as error.

BOWMAN & HARSH, WEBB & TILLMAN, for appellant.

STERRETT & CAMPBELL, GARRETT & UNDERWOOD, *contra.*

STONE, C. J.—The third ground of demurrer raises the question of multifariousness. This should have been sustained, for several reasons. First, no combination, or conjoint purpose, is charged to have been formed between Rutherford and the Refrigerating & Construction Company; nor are the acts of abuse, charged against them severally, shown to have had any connection one with the other.—3 Brick. Dig. 388, *et seq.* A second reason is, no common relief is claimed against the two, nor is it shown that relief against the one will affect the other. The third reason is, that the wrong imputed or apprehended at the hands of Rutherford is a wrong against the corporation itself, and equally against every stockholder. So far as any grievance charged against him is concerned, the corporation itself is the proper party plaintiff.

Much of the bill is devoted to complaints against the Refrigerating & Construction Company, for alleged defects in the machinery constructed by it for the complainant, and for a deficiency in its stipulated producing capacity. If there is any foundation for these charges, they furnish no ground for equitable interposition. No relief is prayed as to these alleged imperfections, and if prayed it could not be granted. It is purely an independent, legal demand. We suppose these averments were made, that they might be weighed in determining whether the Refrigerating & Construction Company was exercising its alleged majority-voting power, for its own private emolument, and to the detriment of the Ice & Cold-Storage Company.

The charges in the bill on which the Refrigerating & Construction Company is prayed to be enjoined from voting its stock in matters pertaining to the Ice & Cold-Storage Company are mainly the following: "Complainant further shows that the American Refrigerating & Construction Company

owns a line of refrigerator cars, and acts as a transportation company, either itself, or through organizations under its control; that it carries fruits and perishable goods from the South to northern markets, and from the North southward; that it proposes that its cars shall run by Birminghan (the *situs* of the Ice & Cold-Storage Works), and be re-iced—that is, be filled with ice at the factory of the Alabama Ice & Cold-Storage Company; that if allowed to control the Alabama Ice & Cold-Storage Company, the American Refrigerating & Construction Company can sell ice and re-ice the said cars for nominal prices; and while it will then make money for itself, it will cause a loss to the stockholders of the Alabama Ice & Cold-Storage Company."

Speaking in another place of the alleged · purpose of the Refrigerating & Construction Company to elect a board of directors through its own majority-voting power, and through such board of directors to issue and become the owner of certain bonds of the Ice & Cold-Storage Company, the bill charges further, that "if this is permitted, it may secure the absolute control of the Alabama Ice & Cold-Storage Company, and its sale, when the purposes of the American Refrigerating & Construction Company demand or requires" [such sale]. This is substantially all the bill contains, on which it is prayed that the Refrigerating & Construction Company be enjoined from voting its stock.

In the case of the *Memphis & Charleston R. R. Co. v. Woods*, 88 Ala. 630, we laid down certain rules which, it is claimed, require the injunction to be retained in this case. In that case, one railroad corporation owned a majority of the shares of stock in another railroad corporation. The two railroads, though not exactly connected, were, to a large extent, in a line with each other, and trade and travel over the one road very often was carried continuously over the other. The consequence was, that large and complicated dealings would necessarily be had, and complicated settlements would result therefrom, in which the interests of the two corporations would be antagonistic. The one corporation, owning a majority of the stock in the other, could and did exercise the voting power of that stock in the selection and election of a majority of the board of directors of its own choosing. It did in fact elect, from its own board of directors, a majority of the directors for the Memphis & Charleston Company, and the same person was chosen president of the two companies. This resulted in placing the two corporations under one and the same governing body. In dealings and settlements between the two corporations, the same personality must represent each, and con-

sequently must do the impossible—contract with himself. As the only practicable means of preventing this result, we enjoined the stock-holding corporation from voting its stock.

In the present case, the two corporations are situated some-what differently in relation to each other. The controlling business of one, it would seem, was the manufacture and erection of machinery for manufacturing ice, and constructing refrigerating appliances or attachments. The business and purpose of the other were to manufacture and sell ice, and, for a price, to furnish the use of its refrigerating appliances. Nothing appears to be antagonistic between the aim and purposes of these two enterprises.

But the bill charges, as we have seen, "that the American Refrigerating & Construction Company runs a line of refrigerating cars, and acts as a transportation company, either itself, or through organizations under its control." When disjunctive averments are made in a bill, each must be sufficient, or the whole averment fails.—3 Brick. Dig. 378, § 183. The averment that the Refrigerating & Construction Company "acts as a transportation company . . itself," is, if it stood alone, a direct averment, which, if it be shown that it proposes to deal with the Ice & Cold-Storage Company, would probably bring this case within the principle declared in *M. & C. Co. v. Wood.* The averment, however, is, that it acts as a transportation company, either itself, or through organizations under its control. If it owned simply a majority of stock in any corporation engaged in such transportation, that would give it control of such corporation, and yet it would not bring it within the rule for an injunction, nor within the principle of the rule which was declared in *M. & C. R. R. Co. v. Wood.* To apply that principle in such case, would in effect deny to the Refrigerating & Construction Company the right to vote its stock in the management of either corporation; for the same reason would exist for interdicting its vote in the Transportation Company, as in the Ice & Cold-Storage Company. We may add, that the denials of the answer bring this case directly within the principle last above stated. In such case, the plaintiff must seek redress after the wrong is inflicted, if there be bad faith in the governing board, and consequent injury to the corporation, or to him as one of its stockholders.

The fourth ground of demurrer ought to have been sustained, and for that reason, and also on the denials of the answer, the injunction should have been dissolved.

The decree of the chancellor, in the matters above pointed out, is reversed, and a decree here rendered dissolving the in-

[Danforth & Armstrong v. Tenn. & Coosa Railroad Co.]

junction. The complainant is allowed forty days within which to amend his bill, after which he can apply for a reinstatement of the injunction, as he may be advised.

Reversed, rendered in part, and remanded.