# Smith v. Smith.

*Bill in Equity to compel an accounting by Administrator, for the Foreclosure of a Mortgage, and to compel attaching Creditors to account for Proceeds from Sale of mortgaged Property.*

1. *Misjoinder of parties complainant.*—Persons representing antagonistic interest can not be joined as co-complainants.

2. *Bill in equity; multifariousness and misjoinder of complainants.*— One of the children and heirs at law of a deceased intestate was appointed administrator of his estate. Another heir at law was one of the sureties on the administrator's bond. The administrator, the heir at law who was surety on his bond and the widow of intestate formed a mercantile copartnership, to which firm the administrator loaned a large sum of money, assets of intestate's estate. On the day of the failure of said firm, the members thereof executed a mortgage to certain named sureties on the administrator's bond, "for the protection of the grantees and the other bondsmen, and for the benefit of the heirs of said estate other than those who are members of said firm" Various creditors of the partnership attached all the property conveyed in said mortgage, under which attachments all the personal property was sold and its proceeds appropriated by the attaching creditors, who also had condemned by judgment the real estate conveyed in the mortgage, and a part of it sold by the sheriff. On these facts, a bill filed by the heirs at law of the deceased, except the members of the copartnership, and the sureties on the administrator's bond named as grantees in the mortgage against the partners, the administrator, the attaching creditors, the sheriff and those sureties who were not mortgagees, praying that the administrator state an account, that the mortgage be foreclosed, that the attaching creditors account for the proceeds of the mortgaged property sold, and be enjoined from selling the land, and that the sheriff's deed be cancelled, is multifarious, and objectionable for a misjoinder of parties complainant.

APPEAL from Chancery Court of Cleburne.

Heard before the Hon. S. K. McSPADDEN.

The appeal in this case is prosecuted from a decree of the chancellor sustaining demurrers of respondents to a bill of complaint, filed by the appellants against the appellees. This demurrer was on the grounds that the bill was multifarious, and that there was a misjoinder of parties. The facts of the case are sufficiently stated in the opinion.

[Smith v. Smith.]

AIKEN & BURTON, for appellants.

CASSADY, BLACKWELL & KEITH, *contra.*

COLEMAN, J.—The bill avers that in November, 1889, Charles A. Smith died intestate, leaving surviving him a widow, Martha A. Smith, and several named children, his heirs at law ; that in June, 1890, one of his children, W. R. D. Smith, was appointed administrator of his estate, and that C. E. J. Smith, another child and heir, and W. H. Smith, Sr., A. J. Smith, J. W. Hunnicutt, J. F. Morgan, R. T. West, and D. C. Harris became sureties on his administration bond. The administrator's bond is made exhibit ''A'' to the bill. The bill avers that W. R. D. Smith, the administrator, C. E. J. Smith, the brother and surety, and Martha A. Smith, the widow, about the 1st day of January, 1890, formed a mercantile copartnership, under the name and style of Smith Bros. & Co., and continued to do business until about the 25th day of November, 1892, when the firm failed and ceased to do business. The bill shows that W. R. D. Smith, administrator, after his appointment, but the exact time is not known, loaned the firm of Smith Bros. & Co. a large sum of money, to-wit, six thousand dollars, of the assets of said estate. That on the 25th day of November, 1892, the day the firm failed and ceased to do business, Smith Bros. & Co., W. R. D. Smith, C. E. J. Smith and Martha A. Smith (members of the firm) executed to W. H. Smith, Sr., A. J. Smith, J. F. Morgan and J. W. Hunnicutt, who were in part the sureties on his administration bond, a mortgage on certain real and personal property, and goods, wares and merchandise described in the bill, and that the mortgagees took immediate possession and control of the personal property conveyed. Exhibit ''B'' to the bill is a copy of the mortgage. It is averred that the mortgage was filed for record on the day of its execution, and that on the same day, but after it was filed, various creditors sued out respective attachments for large sums, claimed to be due them severally from the firm of Smith Bros. & Co., against Smith Bros. & Co., W. R. D. Smith, C. E. J. Smith, and M. A. Smith, which were levied by the sheriff on all the property conveyed in said mortgage ; and the personal property was sold

[Smith v. Smith.]

under said attachments by the sheriff, and the proceeds appropriated by the attaching creditors ; that the sheriff and creditors had actual knowledge of the execution of the mortgage, and the sale was forbidden. That some of said creditors have filed their bill in the chancery court, praying that the mortgage be annulled and cancelled ; and that the creditors have had the real estate condemned by the judgment of the circuit court to be sold for the satisfaction of said attachments, and that a lot and storehouse conveyed in the mortgage were sold by the sheriff, and one Marsh became the purchaser, and was now in possession claiming the same. The consideration expressed in the mortgage is the security of the bondsmen against loss, and "for the protection of the grantees and the other bondsmen, and for the benefit of the heirs of said estate other than those who are members of said firm of Smith Bros. & Co."

The complainants in the bill are the heirs of deceased Chas. H. Smith, except W. R. D. Smith, the administrator, C. E. J. Smith, a surety, and Martha A. Smith, the widow, and the sureties on the administrator's bond who are named as grantees in the mortgage. The respondents are, Smith Bros. & Co., W. R. D. Smith, C. E. J. Smith, Martha A. Smith, all the attaching creditors, the sheriff, and the sureties on the administrator's bond not named as grantees in the mortgage. The prayer of the bill is to have the administrator, W. R. D. Smith, state an account, and that it be ascertained how much he is indebted, as such administrator, that the mortgage be foreclosed, and that the attaching creditors be required to account for the proceeds of the mortgaged property sold under the attachment suits received by them, and that they be enjoined from selling the land, and that the sheriff's deed be cancelled, and then follows a prayer for general relief. The bill does not ask that the administration of the estate be removed from the probate court, and that the administration be settled in the chancery court.

Before any final relief could be granted, it would be necessary for the court to state an account and ascertain the amount due from the administrator, and decree the amount thus found to be due to the heirs of the intestate who are complainants. Such a decree could not be in favor of the sureties of the administrator who are joined

as complainants with the heirs. The case made by the bill in this respect is one in which some of the complainants might be entitled to a decree in which other complainants could not recover. Furthermore, the interest of the heirs is to have their decree as large as possible, while the interest of the sureties on the administration bond, who are joined as complainants, is to reduce the decree as much as possible. We thus have co-complainants representing antagonistic interests. If it be the purpose of complainant heirs to bring the administrator to a settlement of his trust, and to enforce the mortgage for their benefit, the bill should pray for the removal of the administration from the probate court, where it is now pending, to the chancery court, and in such a proceeding the sureties on the administrator's bond can not be joined as co-complainants, but should be made defendants.

The bill is multifarious, and objectionable for a misjoinder of complainants. By proper amendments the equity of the bill may be made clear.—*Mobile Savings Bank v. Burke*, 94 Ala. 125 ; *Globe Co. v. Thatcher*, 87 Ala. 458 ; *Bean v. Bean*, 37 Ala. 17 ; 15 Amer. & Eng. Encyc. of Law, p. 947.

Affirmed.