ROUNTREE et al. v. SATTERFIELD.
(8 Div. 604.)

(Supreme Court of Alabama. May 15, 1924.
Rehearing Denied June 19, 1924.)

1. Mortgages ☞453—Bill for foreclosure held to seek accountings against three defendants as incident to foreclosure.

Bill to foreclose mortgage *held* to seek respective accountings against three purchasers of timber for the several wastes committed and conversions of timber with notice of mortgage, and to charge each respective defendant with his separate and respective liability as incident to the relief of foreclosure.

2. Mortgages ☞427(4), 497(2)—Mesne purchaser with notice of mortgage is a proper but not a necessary party to foreclosure proceedings.

A mesne purchaser of mortgaged premises, with notice of the mortgage, having parted with his title thereto, is not a necessary party to the foreclosure, but is a proper party against whom the action may be prosecuted, and may defend action, and will be bound by the decree.

3. Equity ☞148(3)—Bill seeking damages for waste against purchasers of timber held not multifarious.

Bill to foreclose mortgage, seeking as incident to recover for the several wastes committed and conversions of timber by purchasers thereof, with notice of mortgage, *held* not multifarious, under Code 1907, § 3095.

4. Mortgages ☞427(2) — Original mortgagee held not necessary party in foreclosure proceeding by assignee.

Where foreclosure bill of mortgagee's assignee alleged that assignee had purchased notes and mortgage, and that he was legal owner and holder thereof, the original mortgagee was not a necessary party.

5. Mortgages ☞445 — Foreclosure bill need not show insolvency of mortgagors.

Mortgage foreclosure bill seeking to charge purchasers of timber with liability need not show insolvency of mortgagors.

6. Mortgages ☞380—Remedies of mortgagee stated.

Mortgagee or assignee may either bring bill to foreclose equity of redemption and sell property for satisfaction of debt and have deficiency decree against mortgagor, or may maintain an appropriate action for the possession of the property, and in a proper action get possession of the rents and profits, or may bring suit for debt on the bond.

———

Appeal from Circuit Court, Morgan County; Osceola Kyle, Judge.

Bill in equity by J. B. Satterfield against Columbus W. Kyle, Martha Kyle, J. H. Holt, Charles Rountree, and the Rountree Lumber Company, to foreclose a mortgage and to recover the value of timber cut from the mortgaged premises. From a decree overruling their demurrer to the bill, Charles Rountree and the Rountree Lumber Company appeal. Affirmed.

Tennis Tidwell, of Albany, for appellants.

Complainant had an adequate remedy at law. Hitt Lbr. Co. v. Cullman Prop. Co., 189 Ala. 13, 66 South. 720. The bill was subject to the ground of demurrer asserting multifariousness. Hitt Lbr. Co. v. Cullman Prop. Co., supra. The original mortgagee is a necessary party. Langley v. Andrews, 132 Ala. 147, 31 South. 469; Crawford v. Chatta. Sav. Bank, 201 Ala. 282, 78 South. 58; 172 Ala. 104, 55 South. 619. It was necessary that insolvency of the mortgagors be shown.

Gardner v. Heartt, 3 Denio (N. Y.) 232; 14 Johns. (N. Y.) 213; Yates v. Joyce, 11 Johns. (N. Y.) 136; Jones v. Costigan, 12 Wis. 677, 78 Am. Dec. 771; Buckout v. Swift, 27 Cal. 436, 87 Am. Dec. 90; State v. Weston, 17 Wis. 107; Turrell v. Jackson, 39 N. J. Law, 329.

Mallory & Mallory, of Selma, and G. O. Chenault and Eyster & Eyster, all of Albany, for appellee.

The bill avers complainant's absolute ownership of the notes; the original mortgagee was not a necessary party. Hodge v. Joy, 207 Ala. 198, 92 South. 171.

THOMAS, J. The bill was for foreclosure of a mortgage on land.

The agreement and appearance of counsel bring all necessary parties before the court under General Acts 1911, p. 589, amending section 2884 of the Code of 1907. L. & N. R. R. Co. v. Shikle, 206 Ala. 494, 90 South. 900; Sherrod v. McGruder, 209 Ala. 260, 96 South. 78; New Morgan County B. & L. Ass'n v. Plemmons, 210 Ala. 16, 97 South. 46; Smith v. Collier, 210 Ala. 23, 97 South. 101.

Was the bill as amended, excepting, as it does, defendants Charles Rountree and Rountree Lumber Company from the claim for attorneys' fees, free from the grounds of demurrer assigned by said Charles Rountree and Rountree Lumber Company on their appeal?

The bill was by a mortgagee or an assignee of the mortgagee for foreclosure and discovery and accounting for waste alleged to have been committed by the mortgagor with the other named defendants by cutting and selling timber; that is to say, the Kyles gave the mortgage to Boynton, who transferred to complainant, and after record of the mortgage the Kyles cut and sold the timber to Holt, Rountree, and the Rountree Lumber Company. The averments are:

"Complainant further alleges that a large quantity of timber that was growing upon said lands, at the time of the execution of the mortgage, has been cut and removed therefrom, not for ordinary use, but that the same was sold by the mortgagors to respondents J. H. Holt, Charles Rountree, and Rountree Lumber Company, for the amount of several hundred dollars, * * * and respondents Charles Rountree, Rountree Lumber Company, and J. H. Holt, after the record of said mortgage, and after the same became the property of complainant, obtained timbers and lumber cut from said land of the value of several hundred dollars, and converted the same to their own use; they, at the time, having actual, or constructive notice of the existence of said mortgage upon said land."

The prayer of the bill contains, among other usual averments and prayer for general relief, the specific prayer:

" * * * That the court, by reference to the register, or other proper way, ascertain what timbers, if any, were cut from the mortgaged property, and were obtained by J. H. Holt, Charles Rountree, and Rountree Lumber Company, after the transfer of said mortgage to this complainant, and the value of the same that was received by each of said defendants, and that a judgment be rendered against each of said parties, and as for a tort, for the conversion of said timber and lumber, to the full amount of the value thereof received by each of said persons. * * * Complainant further prays that said mortgage be foreclosed and the land therein conveyed be sold, for the payment of the balance due on said mortgage, to date, together with interest thereon, and that, as a part of said mortgage debt, a reasonable fee for complainant's solicitors be ascertained and decreed."

[1] When the bill is taken most strongly against the pleader, it may be said to seek respective accountings against the three defendants for the several wastes committed and conversions of the timber from the mortgaged lands with notice of the mortgage, and to charge each respective defendant with his or its separate and respective liability as incident to the relief of foreclosure of the mortgage.

In the case of Hitt Lumber Co. v. Cullman Property Co., 189 Ala. 13, 66 South. 720, the bill was to enjoin trespass and for the recovery of damages for cutting timber from the lands of complainant; held that, in seeking injunction to prevent repeated trespasses in the cutting of timber and for damages for the timber already cut by defendant corporation, and by the partnership before its incorporation, and by its individual members, the bill is multifarious, and not cured by section 3095 of the Code. That opinion concluded with the admission that it is often impossible to declare any fixed or abstract rule that will determine in all cases as to whether or not a bill is multifarious. Webb v. Butler, 192 Ala. 287, 68 South. 369, Ann. Cas. 1916D, 815.

In Sims Chancery Practice, § 236, pp. 145, 146, the author says:

"Chief Justice Brickell's definition.—Few other definitions of multifariousness seem to have been given by the Supreme Court, until Chief Justice Brickell in 116 Ala." (Truss v. Miller, 116 Ala. 494, 505) "paraphrasing Story, said: 'It is said that multifariousness, as an objection to a bill, is not capable of accurate definition. It is described generally, as the joinder of distinct and independent matters, thereby confounding them; or the uniting in one bill of several matters, perfectly distinct and unconnected against one defendant; or the demand of several matters of a distinct and independent nature against several defendants in the same bill.' By comparison with the paragraph cited from Story's Equity Pleading" (section 271 et seq.) "it is apparent that the definition was intended to cover all three kinds of multifariousness.

"Since Chief Justice Brickell's classification, none seems to have been attempted. But each of the three kinds of multifariousness has been

recognized by many of our Supreme Court decisions. So we may conclude that in general multifariousness in Alabama and multifariousness in England were the same prior to the enactment of the new Alabama Code of 1907."

See, also, Burford v. Steele, 80 Ala. 147. The note to the foregoing section, collecting and stating the effect of our decisions, is:

"The first kind of multifariousness, that of combining more than one distinct cause of action in the bill, though between the same parties, was held a defect in the bill in the following cases: Colburn v. Broughton, 9 Ala. 351, Seals v. Pheiffer, 81 Ala. 518, Tillman v. Thomas, 87 Ala. 321, Banks v. Speers, 103 Ala. 436, Prickett v. Prickett, 147 Ala. 494, and was recognized by dictum often. The second kind of multifariousness, that of combining causes against different defendants not interested in common, was held a defect in the bill in the following cases: Waller v. Taylor, 42 Ala. 297, Hardin v. Swope, 47 Ala. 273, Seals v. Pheiffer, 77 Ala. 278, American Refrigerating, etc., Co. v. Linn, 93 Ala. 610, Harland v. Person, 93 Ala. 273, Page v. Bartlett, 101 Ala. 193, and was recognized in many others holding that given facts did not constitute multifariousness. The third kind of multifariousness, that of joining plaintiffs who had different causes of action against the same defendants, was recognized as a defect in the bill in the following cases: Bean v. Bean, 37 Ala. 17, Mobile Savings Bank v. Burke, 94 Ala. 125, Smith v. Smith, 102 Ala. 516, and has been repeatedly recognized in dicta."

The observation is made that, prior to the enactment of the Code of 1907, and section 3095 thereof, the general rule of multifariousness in this jurisdiction was the same as in England. Pertinent provisions of the statute are that a bill is not multifarious which seeks: (1) Alternative or inconsistent relief growing out of the same subject-matter; or (2) founded on the same contract or transaction; or (3) relating to the same property between the same parties. Code 1907, § 3095. Kant v. A. B. & A. R. R. Co., 189 Ala. 48, 66 South. 598, a bill to annul and reform between same parties, held not multifarious; Manegold v. Beavan, 189 Ala. 241, 66 South. 448, to impeach a decree for fraud, multifarious in praying for relief on account of ward's execution of conveyances not within the guardianship bond, and the claim not being an asset of the ward's in the hand of defendant guardian; Wheat v. Wheat, 190 Ala. 461, 67 South. 417, for partition and accounting among cotenants, upheld; Webb v. Butler, 192 Ala. 287, 68 South. 369, bill by trustees of banking partnership and for settlement of the trust, held multifarious as to setting aside conveyances made by a member to his daughter before the formation of the partnership. Ann. Cas. 1916D, 815. In Mathews v. Carroll Merc. Co., 195 Ala. 501, 70 South. 143, bill held not multifarious for seeking cancellation of a single mortgage on lands severally owned; Robinson v. Bice & Sons, 206 Ala. 546, 90 South. 307, bill for specific performance of contract to convey lands and for accounting under a contract for the conversion of timber on lands into lumber, held not rendered multifarious, because prayed that amount due on lumber contract be ascertained and paid complainant, "and because the lumber contract in its original memorandum form purported to stipulate for the advantage of one of the complainants only," the averment being that it was for the benefit of the "complainants"; Merchants' Bank of Mobile v. Zadek, 207 Ala. 84, 91 South. 815, bill for accounting by creditor against trustees of a corporation growing out of composition settlement in bankruptcy, and to declare the notes of the company in custody of trustees paid, etc., held not multifarious; Marsh v. Elba Bank & Trust Co., 207 Ala. 553, 93 South. 604, bill by heirs of deceased mortgagor to enforce equity of redemption on payment of mortgage, to avoid sale under power for fraud against mortgagees and the several parties alleged to have participated in said alleged sale, held not multifarious; Wilson v. First Nat. Bank of Gadsden, 209 Ala. 70, 95 South. 340, bill by a judgment creditor to have mortgage declared null because made with intent to defraud creditors, and which also sought in alternative to have mortgage declared a general assignment for creditors of mortgagor and satisfaction made out of the property of the debtor, held proper to make a party the senior mortgagee with other defendants "in two alleged fraudulent conveyances," that to Mrs. Wilson, dated August 23, 1919, and "in the alternative" sought "a sale of the land in Sturkey's mortgage, dated January 21, 1922," on grounds that it operated as a general assignment, citing Hard v. American Tr. & Sav. Bk., 200 Ala. 264, 76 South. 30; Toone v. Roberts, 207 Ala. 671, 93 South. 616. These cases were creditors' bills enjoining different grantees holding portions of the debtors' properties as respondents, and seeking to have such conveyances declared general assignment for creditors, citing Lehman v. Meyer, 67 Ala. 396. The case of Tallassee Oil & Fertilizer Co. v. Royal, 209 Ala. 439, 96 South. 620, sought to cancel mortgage and to redeem property; bill held not multifarious in joining several purchasers of the property mortgaged by the corporation as well as the assignee of the mortgage.

In Belleview Cemetery Co. v. Faulks, 198 Ala. 579, 73 South. 927, a bill by judgment creditors to reach equitable assets of a corporation was not rendered multifarious by joining as respondents alleged fraudulent grantees, and stockholders subject as such for unpaid stock. Norville v. Seeberg, 205 Ala. 96, 87 South. 164, and Eskridge v. Brown, 208 Ala. 210, 94 South. 353, were transactions between the same parties re-

sulting in several challenged conveyances of same properties.

In Ford v. Borders, 200 Ala. 70, 75 South. 398, it is declared of multifariousness that it is incapable of exact definition, frequently is a matter left to the sound discretion of the court, and every case must be governed by its own peculiar facts; that in "determining this question multiplicity of suits should be avoided, as equity delights to do justice, and not by halves."

[2] It is a general rule that a mesne purchaser of the mortgaged premises, with notice or knowledge of the mortgage, having parted with his title to the same, is not a necessary party to the foreclosure; yet he is a proper party against whom the action may be prosecuted, who may defend the same, and who will be bound by the decree. Merritt v. Phenix, 48 Ala. 87; Hall v. Huggins, 19 Ala. 200. And in Singleton v. Gayle, 8 Port. 270, 275, 276, it is said:

"It is also insisted that, as John Gayle admits that he has three of the mortgaged negroes in his possession, a decree may be made against him for them, as the administrator of Matthew Gayle. By his answer he shows that he claims two of them by purchase from Levin Gayle, who purchased them from Mary Gayle; the other belongs to the estate of Mary Gayle. It is a sufficient answer to this that he is not proceeded against as a purchaser with notice, but he is charged as administrator of Matthew Gayle."

As to necessary and proper parties to a bill, see Hodge v. Joy, 207 Ala. 198, 92 South. 171; 27 Cyc. 1571.

[3] Each of the defendants, purchasers from the mortgagor, are interested in the ascertainment of the amount of the mortgage and the sale of the lands depreciated in value by removal of timber in question, to the satisfaction or pro tanto discharge of the mortgage debt, and there is also an interest between them as to their respective liabilities in event of a deficiency and a judgment over against them on discovery and accounting. The bill is not multifarious for such joinder of parties defendant.

[4] If a party necessary to the final decree is shown by the record to have been omitted, that defect may be taken by this court ex mero motu. Hodge v. Joy, supra. Under the allegations of the bill Abbie Boynton, the original mortgagee and transferor of the mortgage, was not shown to be a necessary respondent. The averment of the bill is:

"Complainant alleges that, on, to wit, July 1, 1920, he purchased said notes and mortgage from said Abbie Boynton, the said mortgagee, and she indorsed said notes to him, and transferred and assigned said mortgage to him, and he is now, and has been, since July 1, 1920, the legal owner and holder of said mortgage and notes."

This is a sufficient averment to show that the original mortgagee and assignor was not a necessary party to authorize a final decree. She is shown not to have an interest in the debt or property to be sold at foreclosure sale, though it is not averred that the notes were transferred without recourse. The averment that the complainant purchased said notes and mortgage and has since been the "legal owner and holder of said mortgage and notes" is a sufficient averment, against demurrer, of ownership or legal title, etc. Hodge v. Joy, supra. The notes and mortgage and the transfer and assignment of the same are not exhibited by the bill. And so far as concerned these respondents, the averment that complainant was the legal owner and holder of the mortgage to be foreclosed and lands properly described in the mortgage sold for satisfaction of the debt was sufficient. It is necessary to require the respondents other than the mortgagor to account for the mortgaged property bought by them respectively from the mortgagor; that is to say, the averment of the bill of ownership of the notes and mortgage excluded any material interest in the assignor of the mortgage and notes, and hence shows that there is no necessity for making her a party respondent. Hodge v. Joy, 207 Ala. 198, 207, 208, 92 South. 171.

The case of Langley v. Andrews, 132 Ala. 147, 31 South. 469, is not to the contrary in its holding that as to the right of foreclosure the assignor of a mortgage on lands must have conveyed to the assignee the legal title (more than a mere transfer of the chose in action) to authorize the latter to foreclose without making the assignor a party; the owner of merely an equitable interest in the property to maintain the bill must bring in the assignor as a necessary party. Story's Eq. Pl. (10th Ed.) p. 75, §§ 72, 136; Crawford v. Chattanooga Savings Bank, 201 Ala. 282, 285, 78 South. 58; Town of Carbon Hill v. Marks, 204 Ala. 622, 86 South. 903. The sixteenth, seventeenth, and eighteenth grounds of defendant Rountree's demurrer should not have been sustained.

[5] The seventh ground of demurrer is:

"It does not appear from the bill of complaint that the respondent Columbus W. Kyle and the respondent Martha Kyle, the mortgagors or either of them, are insolvent."

[6] This averment was not necessary. The remedy of the mortgagee or her assignee is threefold: (1) To bring her bill to foreclose the equity of redemption and sell the property for the satisfaction of the debt and have a deficiency decree against the mortgagor; (2) to maintain an appropriate action for the possession of the property conveyed by the mortgagee, and in a proper action possess herself of the rents and profits; or (3) to bring a suit for debt upon the bond. Irvin v. Irvin, 207 Ala. 493, 93 South. 517. The insolvency vel non of the mortgagors is

an immaterial issue of fact in the effort, in a court of equity, to foreclose and enforce payment from the property, irrespective of whether it was in the possession of the mortgagor or third parties with notice, and irrespective of their solvency vel non. In Turrell v. Jackson, 39 N. J. Law, 329, in an action by a second mortgagee, Mr. Justice Dixon said:

"He is not bound to exhaust his personal security before resorting to his real pledge. Moreover, to prove the debtor insolvent may be a very difficult task, and lapse of time may destroy his remedy against the spoiler. * * * It * * * cannot be lawful, to leave a mortgagee without redress for the destruction of that substantial security upon the strength of which he loaned his money, because he is unable to show the present insufficiency of * * * the solvency of his debtor, upon which he never expected to rely. Many cases which maintain the right of the mortgagee to an action against the mortgagor and his assigns, for an injury to the pledge, ignore the insolvency of the debtor as an essential element of the plaintiff's right." Hitchman v. Walton, 4 M. & W. 409; Smith v. Goodwin, 2 Greenl. (Me.) 173; Stowell v. Pike, 2 Greenl. (Me.) 387; Pettengill v. Evans, 5 N. H. 54; Page v. Robinson, 10 Cush. (Mass.) 99; Cole v. Stewart, 11 Cush. (Mass.) 181.

The decree of the circuit court, in equity, is affirmed.
Affirmed.

ANDERSON, C. J., and SOMERVILLE and MILLER, JJ., concur.