No. 34.—John L. Stephens and another, plaintiffs in error, *vs.* Ann C. Beal, defendant in error.

[1.] Where a judgment creditor seeks the aid of a Court of Equity, to reach the *equitable* assets of his debtor, not the subject matter of levy and sale, he must show that he has pursued his legal remedies to every available extent; but where, as in this State, the judgment creates a lien upon the defendant's property, a Court of Equity will lend its assistance to a judgment creditor, for the purpose of removing an obstruction, fraudulently interposed to prevent the property of his debtor from being made subject to his judgment lien, without a return of *nulla bona* on the execution.

[2.] A *chose* in action, belonging to the wife before marriage, and not reduced into possession by the husband during the coverture, survives to the wife.

Bill and demurrer.   Heard Before Judge Hill, in Troup Superior Court, October Adjourned Term, 1847.

The bill in this case alleges that Thomas O. Carter, one of the plaintiffs in error, in the year 1840, being indebted to the defendant in error, then Ann C. Booker, in the sum of $2028 93, gave her his note for the same, to fall due on the 25th day of December thereafter; that afterwards, on the 14th day of February, 1843, Carter, for the better securing the payment of said note, executed to the defendant in error, a mortgage upon several slaves. The bill further alleges, that the defendant in error, subsequent to the execution of the mortgage, placed the note in the hands of the plaintiff in error, Stephens, as an attorney at law, for collection, and the same was sued to judgment, and execution issued thereon; afterwards, the mortgage was foreclosed, and a mort-

gage *fi. fa.* regularly issued; that Stephens, as her attorney, caused the mortgaged slaves to be levied on and sold by the sheriff of the county of Coweta, under the mortgage *fi. fa.*, but instead of causing them to sell for as much as would pay off said mortgage *fi. fa.* as he might and ought to have done, the said Stephens, and the said Carter also being present at said sale, caused it to be proclaimed to the bystanders, that there was an older mortgage than hers, covering the said slaves, which had been made by said Carter to one Joel W. Terrel, for the purpose of securing the said Terrel against liability as security, for the said Carter on his bond, as guardian for one William F. Booker. The bill further alleges, that both Stephens and Carter well knew that said guardian's bond was *functus officio*, Carter having, before that time, been discharged from the duties of his said guardianship, and moreover, that they concealed the fact, that if there was anything due on the mortgage to Terrel, there were ten other slaves included therein, which were more than sufficient to have indemnified him as such security. The bill further alleges, that the mortgage to Terrel was executed ten days before the execution of the mortgage to the complainant, and was done by the fraudulent contrivance of Stephens and Carter, for the purpose of enabling them to perpetrate a fraud upon her. The bill further alleges, that in consequence of the representations of Stephens and Carter, and the concealment aforesaid, the bystanders at the sale were deterred from bidding for the slaves, and the whole of them, being of the value of three thousand dollars, were bid off by her said attorney, Stephens, for about thirty dollars, or some such small sum, and the said Stephens caused the sheriff's title to said slaves to be made to himself, and immediately took possession of, and has ever since retained them, except two of them, which he afterwards turned over to Carter, or to Carter's children.

The bill further alleges, that after the foreclosure of complainant's mortgage, she intermarried with one Beal, who died before the commencement of this suit, and that her interest in the subject matter of said suit being a chose in action, and not reduced to possession by her said husband in his life-time, survived to her. The bill further alleges the insolvency of Carter since the sheriff's sale, and his entire inability to respond to her demand, and that she is likely to lose it altogether; and further, that Stephens frequently assured the complainant, that said slaves were purchased

by him solely for her benefit, but now refuses to deliver them up to her, or to account to her for their value,

The bill concludes with a prayer that said Stephens may be decreed to hold said slaves in trust for the complainant, or that the sale may be set aside, and the slaves re-sold, &c.

To this bill the plaintiffs in error filed a general demurrer, which was overruled by the Court below. To which decision of the Court below, the plaintiffs in error excepted.

JOHN L. STEPHENS, for the plaintiffs in error, made the following points:

1st. When a judgment creditor applies for the aid of a Court of Equity, against the goods and chattels of his debtor, or against any equitable interest which he may have therein, it is incumbent upon him to show that he has pursued his legal remedy to every available extent, and has failed. The mere allegation and proof of insolvency are not sufficient, it must be shown that the legal remedies have been exhausted. *Dudley's Eq. R.* 144. 1 *Hill's Eq. R.* 336. *Brinkerhoff vs. Brown,* 4 *Johns. Ch. R.* 676. *Williams vs. Brown,* 4 *Johns. Ch. R.* 684. *McDermott vs. Strong,* 4 *Johns. Ch. R.* 691. 2 *Johns. Ch. R.* 144.

2d. To maintain the jurisdiction for relief as consequent upon discovery, it is necessary in the first place to allege in the bill that the facts are material to the complainant's case, and that the discovery of them by the defendant is indispensable as proof. 1 *Story's Eq.* 91. 4 *Johns. Ch. R.* 410. A bill filed for discovery, the relief is made ancillary to it. 1 *Story's Eq.* 440, *note.*

3d. By marriage, the husband acquires all the rights, and succeeds to all the liabilities of the wife. They become one person in contemplation of law; the existence of the wife is merged in that of the husband, and he has the entire control of her person and property. 2 *Kent's Comm.* 129.

4th. As to the debts due to the wife at the time of her marriage, by bond, note, or otherwise, the husband has power to release and discharge, and assign the debts, and to change the securities with the consent of the debtor. 2 *Kent's Comm.* 135, 136, 137, 142, and 143. *Clancey's Rights of Women,* 110, 111, and 112. 1 *P. Williams,* 458.

5th. A judgment or execution is not a *chose in action.* 2 *Blackstone's Comm.* 397, 434, and '5.

BULL and INGRAM, for the defendant in error, insisted:

1st. That fraud vitiates all sales, and a Court of Equity is the most efficient tribunal to give relief in such cases. That although Courts of Common Law hold jurisdiction in many cases of fraud, yet the jurisdiction of Courts of Equity is not thereby taken away. 1 *Story's Eq.* 80, 85, 189. In such cases, the two Courts have concurrent jurisdiction, and the first that acquires jurisdiction, has the right to retain it. *Trippe & Slade, et al. vs. Lewis, Administrator et al,* 2 *Kelly's R.* 304.

2d. This is an original proceeding commenced, *not* in aid of any Common Law proceeding now pending, but to set aside a fraudulent sale, *or in the alternative,* to declare the defendant Stephens a Trustee for the benefit of complainant. The complainant has a right to all the benefit of the purchase of the property by Stephens as her attorney, and to have a decree making him a Trustee for her benefit. *St. Eq. Pl.* 324, *et ante, Ch.* 7. 4 *John. Ch. R.* 117.

3d. The husband dying without having reduced this *chose in action* into possession, *prima facie* the wife's right survives. If any bar to this right exists, the defendant should plead it in bar, or rely upon it in his answer.

4th. Judgment in name of wife, or of husband and wife, survives to the wife. *Clancey on Husband and Wife.*

*By the Court.*—WARNER, J. delivering the opinion.

This bill was filed by the complainant, for the purpose of setting aside a sale of certain negroes, mentioned in the record, on the ground of *fraud.*

The defendants, in the Court below, filed a *general demurrer* to the bill, for want of equity, which was overruled: whereupon the defendants excepted, and now assign the same for error in this Court.

Two questions have been made in the argument by the plaintiffs in error, in support of the demurrer.

First, that the complainant was not entitled to the aid of a Court of Equity, until she had exhausted her *legal remedies*: Second, that inasmuch as it appears on the face of the complainant's bill, that she intermarried with Beall, who is dead, the defendants are not liable to account to the complainant, but to her deceased husband's legal representative.

[1.] Where a judgment creditor seeks the aid of a Court of

Equity to reach the *equitable* interests of his debtor, there is no doubt, but he must show that he has pursued his legal remedies to every available extent. The objection here is, that there is no return of *nulla bona* on the execution. By obtaining her judgment, the complainant acquired a *lien* on the property of her debtor. This bill is not filed for the purpose of reaching *equitable* assets, which are not subject to levy and sale; but is filed for the purpose of removing an *obstruction*, which the complainant alleges has been *fraudulently* interposed to prevent a levy and sale of property of the defendant in the judgment, which *is subject to be seized and sold under execution, in satisfaction of her judgment lien.* In the latter class of cases, Courts of Equity will entertain jurisdiction without a return on the execution of *nulla bona.* *Beck vs. Burdett,* 1 *Paige's Chan. Rep.* 305. *Planter's & Merchant's Bank vs. Walker et al,* 7 *Alabama Rep.* 946. *Reese vs. Thurmond,* decided by this Court at the last November Term at Milledgeville.

[2.] With regard to the second question, the bill expressly alleges that the interest of the complainant in the subject matter of the suit, *never was reduced to possession by her husband in his lifetime;* and being a chose in action, survives to her, and does not vest in the legal representative of her husband. The demurrer being a general one, going to the whole bill, we are of the opinion it was properly overruled by the Court below.

Therefore, let the judgment be affirmed.