WILLIAM H. COLEMAN *vs.* WILLIAM M. RIVES et al.

A creditor can only invoke the aid of a court of equity to collect his judgment, in a case where the assets sought to be made liable are in their nature equitable, or where his remedy at law has been obstructed by fraud. In either case, the bill must show that the party could not obtain the proper relief at law.

Where a judgment has been obtained against a party as a second indorser, it is necessary, before his estate can be made liable to a levy to satisfy said judgment, that it should appear, by affidavit, that the principal had no property in the State, out of which the plaintiff's money and costs could be made; in which event the plaintiff may proceed against the first indorser, and so on until his execution is satisfied.

Where equities are equal, the party having the legal advantage must prevail.

APPEAL from the superior court of chancery; Hon. Stephen Cocke, chancellor.

The appeal in this case was taken from an interlocutory decree of the chancellor, dissolving an injunction restraining the appellees, who were trustees in a deed of trust, from selling the property mentioned in the deed. All the material facts will be found fully stated in the opinion of the court.

*George S. Yerger,* for appellant.

1st. The agreement of the 23d of March, 1840, was clearly a rescinding of the contract. The legal title, it is true, was in the trustees; but after the rescission they held it in trust for Davenport and Wills.

Coleman v. Rives et al.

2d. Although a rescission as to themselves, the property was bound for the payment of the notes assigned before the rescission, therefore the notes for $5,000 and $9,000 will have to be paid by the trustees. In regard to the other notes not assigned, the rescission operates on them, and the property is not bound, but is held in trust for Davenport and Wills.

3d. Our judgment binds the equitable interest of Davenport, which is one half of the surplus in the trustees' hands, after paying the notes for $9,000 and $5,000.

Where the judgment constitutes a lien upon the equitable interest, there is no necessity for a return of *nulla bona.* This return is only necessary where the execution and not the judgment gives the lien; and, wherever the judgment is a lien at law on the legal interest, it is a lien in equity on the equitable interest. *Eastland* v. *McNairy,* 10 Yerger; *Goodman* v. *Anderson,* 5 S. & M. 744.

4th. Our judgment was, therefore, a lien on the equitable fund, and attached upon the filing of the bill. The court should, therefore, order the property to be sold to pay the $9,000 and $5,000 debt first, and then to pay our judgment.

*James T. Rucks,* for appellee.

1st. A judgment creditor cannot ask the aid of the court of chancery, for the purpose of subjecting the personal equitable assets of his debtor to the payment of his judgment, without showing that he has pursued his remedies at law to every available extent, which can only be shown by an execution returned *nulla bona. Wright et al.* v. *Petrie et al.* Freeman's Ch. R. 322; *Brinkerhoff* v. *Brown,* 4 Johns. Ch. R. 677; *United States* v. *Sturges,* 1 Paine, 525.

2d. An equitable interest in real or personal property is not subject to sale by execution at law. *Bogart* v. *Perry et al.* 1 Johns. Ch. R. 56; *Goodwin* v. *Anderson et al.* 5 S. & M. 745; *Thornhill* v. *Gilmer,* 4 Ib. 163.

3d. Though the notes were barred at law against the maker, the trust property is still subject to their payment. When a party has two remedies, one by suit at law and the other by deed of trust or mortgage, though the remedy at law be barred,

he may subject the property to his demand.  *Miller* v. *Helm et al.* 2 S. & M. 697 ; *Thayer* v. *Mann,* 19 Pick. 535.

4th.  The legal title to the property is in the trustees.  The possession of the property in the defendants, whose equity is equal to complainants ; and when the equities are equal, chancery will not disturb the possession.  1 Story, Equity, 75.

Mr. Justice FISHER delivered the opinion of the court.

This is an appeal from an interlocutory decree of the chancellor, dissolving an injunction.

The bill alleges, that on the 8th of October, 1840, the complainant recovered, in the circuit court of Hinds county, a judgment against Richard G. Davenport, who was sued as second indorser jointly with the maker and first indorser, for the sum of $4,315.50; that execution had issued on said judgment, but that nothing had been made thereon.

The object of the bill is, to make liable to said judgment an undivided interest of said Davenport in a certain plantation and slaves in Hinds county, owned jointly with one William Wills.

It is insisted by way of demurrer to the bill, that it is not sufficiently shown, that the complainant's remedy was not complete at law.  A creditor can only invoke the aid of a court of equity to collect his judgment, in a case where the assets sought to be made liable, are in their nature equitable; or where his remedy at law has been obstructed by fraud.  In either case, the bill must show that the party could not obtain the proper relief at law.  So far from the present bill's disclosing such a case, it does not even show that the complainant had a right to his execution at law against the estate of Davenport.  The judgment was against him as second indorser, and before his estate was liable to a levy to satisfy the judgment, it was necessary to appear by an affidavit setting forth that the principal had no property in the State, out of which the plaintiff's money and costs could be made.  In such event the plaintiff might have proceeded against the first indorser, and so on .till his execution was satisfied.  Hutch. Code 853, § 6 ; which affidavit the law requires to be filed with the papers

in the cause. The language of the bill is, " on which judgment execution has issued, but nothing has been made thereon." Without the affidavit, no levy could have been made on the property of the indorser. If the principal owned property in any part of the State, it had to be exhausted, or at least shown to be insufficient, before a levy could be made on the property of the indorser. The execution may have been issued and placed in the hands of the sheriff of a county, in which the principal had no property; but it was in evidence that he did not own property in another county. Now, suppose the plaintiff instead of making the usual affidavit, had substituted his bill and exhibits for an affidavit, and filed them with papers at law; and upon this showing, had requested the officer to levy upon the property of Davenport. Could it for a moment be contended, that the law had been in spirit complied with? Certainly not; because the important facts, the insolvency of the principal and first indorser, no where appear. The bill, therefore, wholly fails to show a proper case for relief in equity.

But aside from this objection, we are of opinion that the complainant is not entitled to relief upon the merits of the case, as shown by the answer, exhibits, and proof.

In 1837, Davenport and Wells sold to one Jos. W. Wade the said plantation and slaves, took his notes with a deed of trust thereon, to Calvin L. Tarpley and others, to secure the purchase-money. On the 23d of March, 1840, this trade, by the agreement of Wade, Davenport, and Wells, was rescinded; and it was agreed that Wade should be released from his notes, but that Davenport and Wells should retain two of them, till a sale could be made by the trustees under the deed in trust. These notes amounted to about $30,000. It was also agreed, that Wade should be released from a note transferred to Thomas Hundley for $5,000, and from a note transferred to Martin, Pleasants & Co. for $9,500. While the property stood in this situation, with the legal title in the trustees, but the equitable title under the control of Davenport, Wells, and Martin, Pleasants & Co., the said judgment was rendered against Davenport and others.

On the 15th of October, 1840, Davenport, for a full and fair

consideration, sold his interest in the property to Martin, Pleasants & Co., who allege in their answer that they were wholly ignorant of the said judgment, and that they had no knowledge of the same till they had paid the entire purchase-money to Davenport.

The bill alleges, that Martin, Pleasants & Co., to aid the said Davenport in defrauding his creditors, received from him a transfer of his interest in the two notes for about $30,000, that the deed in trust might be employed in effecting a sale of his entire interest in the property, and in this way defeat the said judgment. This allegation is fully denied, and their purchase shown to be fair, and based upon a full consideration.

Martin, Pleasants & Co., therefore present a case, to say the least, of equal equity with the complainant, and have a right to retain the advantage they have of acquiring the legal title. Where equities are equal, the party having the legal advantage must prevail.

Decree affirmed, and cause remanded.