THE HOWE MACHINE COMPANY v. LOUISA MINER, *et al.*

1. LIEN, *Foreclosure of.* The foreclosure of a lien is either a statutory or an equitable proceeding, and in the absence of statutory provision no lien will be foreclosed except in obedience to the well-settled rules of equitable jurisprudence.

2. ——— It is a well-settled rule that equity does not interfere when there is a full and complete remedy at law.

3. SIMPLE JUDGMENT LIEN, *No Foreclosure of.* While after a judgment at law equity will interfere to remove an obstruction to the sale of the real estate of the judgment debtor, whether caused by a fraudulent conveyance by such debtor or otherwise, yet where the facts as stated in the plaintiff's petition show no obstruction to such sale, equity will not interfere to change the general lien of a judgment at law into the specific lien of a decree in equity. In other words, there is no foreclosure of a simple judgment lien.

*Error from Bourbon District Court.*

ACTION brought by the *Howe Machine Company* against *Miner* and others, to foreclose a judgment lien. May 5, 1881, the defendant Louisa Miner filed a motion asking that all that part of the petition be stricken out which referred to the land, the lien, and the rights of defendant in and thereto. The court sustained the motion, and trimmed the petition down to a simple suit for money only against this defendant on a former judgment. The plaintiff excepted, but afterward took leave to amend, and did file an amended petition setting up all the facts with greater minuteness. The same motion against the amended petition was again filed and sustained, at the December Term, 1881, when the court struck out of the petition all matter except such as entitled the plaintiff to

a simple money judgment against Louisa Miner. All matter relating to the other defendants was stricken out. The plaintiff then took its exceptions, and judgment was rendered on the mutilated petition against Louisa Miner for money only. The plaintiff filed a motion for a new trial, but the judge *pro tem.*, Hon. W. C. W., overruled the motion. Plaintiff excepted to the judgment, to the overruling of the motion for a new trial, and brings the case here.

*E. F. Ware & C. L. Ware*, for plaintiff in error:

Plaintiff obtained judgment against wife owning land; wife claimed land as homestead; husband took out tax deed in his own name, and both, still claiming homestead, mortgaged to Foster. Neither was on land when plaintiff's lien affixed, and plaintiff denies homestead right. Land worth twenty times plaintiff's judgment. The plaintiff seeks to foreclose its judgment lien in the same way as in foreclosing a mortgage or mechanics' lien, to settle the question as to whether or not the homestead right is justly claimed; to ascertain if the husband has any rights in the land under his tax deed; to settle priority between plaintiff and mortgagee; to ascertain the amount due plaintiff as principal, interest and costs; to have such sum declared a first lien upon said land; and to have an order of sale, and from the proceeds to have existing taxes paid on land, and have plaintiff's claim extinguished.

The question as to conflict and priority of rights and liens in and to land is a matter of equitable cognizance. Courts have an inherent right to promote justice by regulating procedure, if not violative of positive statute. The foreclosure of a judgment lien furnishes an easy, cheap, and simple method of relief, is in contravention of no statute, and is extremely practical. In this case it will remedy prolonged, vexatious, and multiplied litigation. Plaintiff has no adequate remedy at law. Section 481 of the code ("proceedings supplementary to execution") gives a right "by action;"

§ 491 authorizes a receiver "of property not exempt by law;" and § 492 authorizes a sale if it can be made "without controversy" with adverse claimants or lienors. Such is not this case. The plaintiff, if this petition is not sustained, will be remanded to the "good old way" suggested by the trial judge. The good old way will work as follows: First, the plaintiff must levy execution and buy in the property, because no one else will, and will be obliged to put $1,000 more into the case. Second, must fight on confirmation the homestead question on *affidavits*, and if beaten, be where? If successful—third, must bring ejectment and fight the homestead question over again, (the former decision not being *res adjudicata*)—must keep manfully paying taxes and costs, and if successful in the second trial in defeating homestead and tax deed, to—fourth, either bring suit to quiet its title against mortgagee, or be a party defendant in a foreclosure suit, and if not successful, pay off the mortgage.

A row of guillotines marks out this path, and plaintiff does not desire to follow it. If plaintiff's petition is not good, it prefers to abandon claim.

The opinion of the court was delivered by

BREWER, J.: This was an action in which the plaintiff in error, plaintiff below, attempted to foreclose a judgment lien. The district court held that this could not be done, and under the facts as stated in the petition we think the ruling of the district court was correct. On February 3, 1881, this action was commenced against Louisa Miner, Samuel Miner her husband, and Frederick Foster, in the district court of Bourbon county. The facts as stated in the petition are substantially as follows: On December 18, 1876, the plaintiff obtained judgment in said district court for the sum of $105 against the defendant, Louisa Miner, and at the same time obtained an order of sale of certain real estate attached in that action. On January 19, 1881, plaintiff caused an execution to be issued on said judgment to the sheriff of Bourbon county, who, unable to find any personal

property, levied the execution upon the lands above described, but made no sale. Louisa Miner and husband now occupy and claim to have homestead rights in said lands, by reason whereof the plaintiff is prevented from selling the same under the execution. The defendant, Louisa Miner, has no land which she does not claim to be exempt by reason of her homestead rights. The lands were farming lands, and were not occupied at the time of the rendition of the judgment as a residence by the family of the owner, or since so occupied until March, 1881. The defendant Foster holds a mortgage executed March 12, 1879, junior and subsequent to the plaintiff's judgment, and yet said Foster claims it to be superior. These are all the facts as stated in the petition. So far as Foster is concerned, little need be said. His mortgage was long subsequent to the judgment, and while doubtless by a proceeding under § 481 of the code, or by action, the interest of a mortgagor in real estate may be subjected to the payment of a judgment, yet the facts as stated make no such case. The judgment was a lien upon the entire interest of Louisa Miner in the property. No subsequent mortgage could diminish the extent of the judgment lien or interfere with the sale under said judgment. And the same may be said as to the homestead claim of the other defendants. Where once a judgment or attachment lien has arisen, no subsequent occupation of the land as a homestead by the debtor affects the extent or validity of such prior lien. (*Bullene v. Hiatt*, 12 Kas. 98.) So that upon the facts as stated there was nothing in the mortgage or the homestead claim to impair, modify or limit the extent of plaintiff's judgment lien, or its right to sell the land and acquire full title by an ordinary sale under an execution. Therefore the case is not brought within the old equity rules, by which a court of equity may set aside a fraudulent conveyance made by the debtor of his property, or any other apparently legal obstruction to a sale under the execution; for here there is no obstruction. (*Stephens v. Beal*, 4 Ga. 319; *Coleman v. Rives*, 24 Miss. 634; *Robert v. Hodges*, 16 N. J. Eq. 299.) It is a

familiar doctrine that equity never interferes when there is a full and complete legal remedy. It will not remove an alleged cloud upon the title, when the defect appears upon the face of the record through which the opposite party can alone claim title, and is one which no statute of limitations will cure. (*Douglass v. Nuzum*, 16 Kas. 515.) Now the foreclosure of a lien is either a statutory or an equitable proceeding. There is no pretense of any statute in terms providing for the foreclosure of a judgment lien, nor have counsel been able to cite us any case in which, in the absence of those facts which by established rule make out a case for equitable interference, the general lien of a judgment at law has been turned into the specific lien of a decree in equity. Counsel say the precedent ought to be established, and such a practice initiated. It would perhaps be sufficient to say that the legislature is the proper body to initiate such a change in practice, and yet there is doubtless this much of truth in the argument of counsel: that the courts have sufficient control over their forms of proceeding, that to prevent wrong or protect right they may adopt such procedure as is absolutely essential thereto. But no such case exists here. Plaintiff says that the defendants deny the validity of its judgment lien upon the premises, and then alleges facts which show that defendants' claim is not only without foundation, but also without color of right. Why then should the interference of a court of equity be invoked? By its own showing, a sale under its judgment would carry everything, and pass as perfect and complete a title as a subsequent sale under a decree of foreclosure. It has shown no legal defects, not even a color of defect in the title which it seeks to appropriate. It shows affirmatively that it has a complete, plain, simple and adequate remedy at law, and therefore has laid no foundation for the interposition of equity. But counsel say that by reason of defendants' claim, plaintiff cannot make a sale of the property under its execution; that if it buys it itself, it will incur cost and expense, and may after subsequent litigation find that in fact the land is a homestead, and that it has acquired noth-

ing by reason of its purchase, and that therefore this question of homestead, which is an obstruction to the sale, should be settled in advance. In reply we would say, that if the facts stated by plaintiff are true, there can be no question about the title which it will acquire; and for the purposes of the case as it now stands, we must assume that those facts are true. Second, if the defendant has made no fraudulent conveyance, or attempted to perpetrate no other fraud upon the plaintiff, it does not seem equitable that she should be put to the cost and expense of a litigation before the plaintiff is willing to risk anything. In short, we find neither statute nor precedent authorizing the transfer of the general lien of a judgment into the specific lien of a decree in equity; and there are no facts stated in the petition which show that plaintiff's legal remedy is not plain and adequate in the fullest sense of those terms, or which according to the well-settled rules call for the interference of a court of equity. Hence we think the ruling of the district court was right, and must be affirmed.

All the Justices concurring.