[Mobile Savings Bank v. Burke.]

# Mobile Savings Bank *v.* Burke.

*Bill in Equity for Foreclosure of Mortgage, and Enforcement of Judgment Lien on Mortgaged Property.*

1. *Amendment of bill; inconsistent claims and prayers for relief.* When the original bill seeks to foreclose a mortgage on lands, as against judgment creditors who assert statutory liens on the property, and who also attack the validity of the mortgage on the ground of fraud, an amendment can not be allowed which seeks to enforce, in favor of the complainant, a judgment lien on the lands older than the lien asserted by the defendants.

2. *Equitable relief to statutory liens.*—As a general rule, a court of equity will not lend its aid to enforce a statutory lien, or to determine priorities between statutory liens, in the absence of special equitable circumstances.

3. *Multifariousness.*—A bill filed by two complainants jointly, seeking to enforce a joint claim in their favor, and also a claim in which one of them has no interest, is multifarious.

4. *Misjoinder of complainants.*—When two persons join as complainants in a bill, both must recover, or neither of them can.

5. *Defendants to bill; holder of legal title as trustee and individually.* When a bill seeks to set aside, on the ground of fraud, a mortgage or deed of trust for the security of a debt, the trustee is a proper party defendant individually, as well as trustee.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. WM. H. TAYLOE.

The original bill in this case was filed on the 29th November, 1889, by the Mobile Savings Bank, a domestic corporation, and Wm. J. Hearin as trustee, against Peter Burke and Patrick J. Lyons; and sought (1) to foreclose a mortgage on certain real estate in Mobile, which Burke had executed to said Hearin as trustee to secure a debt due to said bank, and (2) to enjoin said Lyons from selling the mortgaged property under an execution issued on a judgment which he had recovered against said Burke. A demurrer to the bill was filed by Lyons, which was overruled; and he then filed an answer and cross-bill, attacking the validity of the mortgage, on the ground that it was fraudulent as against Burke's creditors. Hearin was made a defendant to the cross-bill, both individually and as trustee.

The complainants then filed an amended bill, setting up a judgment on another debt which the bank had recovered against Burke, and which had been duly registered so as to acquire a statutory lien prior to the judgment of said Lyons;

and bringing in as defendant Wm. G. Little, surviving partner of the firm of Little, Wilkinson & Co., who had recovered a judgment against said Peter Burke, and filed a bill in equity to set aside said mortgage to the bank. The prayer of the bill also was amended, by asking that the court would, "if necessary or advisable in any aspect of the case," declare and decree that the amount due on the bank's recorded judgment, with interests and costs, and also all unpaid taxes on the property, were prior and superior to the lien of the judgment liens asserted by the defendants, and would ascertain and determine the claims or liens upon the property, at law or in equity, which were superior to the defendants' said judgments, and would order a sale of the property, and distribute the proceeds of sale according to the rights and equities of all the parties. The complainants in the original bill also demurred, jointly and severally, to the cross-bill filed by Lyons, on the ground that Hearin was improperly joined as a defendant individually.

Each of the defendants demurred to the bill as amended, principally on the ground that the amendment was a departure from the original bill, and introduced a new cause of action, praying different and inconsistent relief. The cause being submitted for hearing on the several demurrers, the chancellor sustained the demurrer to the amended bill, and overruled the demurrer to the cross-bill. The complainants appeal, and assign this decree as error.

OVERALL & BESTOR, and T. A. HAMILTON, for appellants. The original bill sought to enforce a mortgage on lands, and the amended bill sought to enforce a judgment lien on the lands, in favor of the bank, superior to the liens claimed by the defendants; and the amended bill seeks to have the priority of the several liens declared, and the property sold for the satisfaction of the liens in the order of their priority. The amendment is not a departure from the original bill, and introduces no new or inconsistent claim to relief. All parties asserting claims on the property were properly made defendants to the suit.—Story's Eq. Pl., 9th ed, §§ 72-76; 1 Dan. Ch. Pr., 5th ed., § 246; 2 Green's N. J. Eq. 471; *West v. Randall*, 2 Mason, 181; *McHan v. Ordway*, 82 Ala. 463; *Lyon v. Powell*, 78 Ala. 352; *Price v. Carney*, 75 Ala. 546; *Randle v. Boyd*, 73 Ala. 282; *Shipman v. Furniss*, 69 Ala. 555; *Field v. Holmes*, 70 Ala. 460; *Hambrick v. Russell*, 86 Ala. 199; *Tatum v. Walker*, 77 Ala. 563; *Adams v. Sayre*, 70 Ala. 325. That the bill is not multifarious, see *Randle v. Boyd*, 73 Ala. 286.

GREG. L. & H. T. SMITH, *contra*.

CLOPTON, J.—The appeal being taken from a decree sustaining demurrers to parts of the original bill as amended, and overruling demurrers to the cross-bill, a proper understanding of the questions raised calls for a brief statement of the character, purposes and substantial allegations of the original bill and amendment and of the cross-bill.

The Mobile Savings Bank and William J. Hearin filed the original bill, for the foreclosure of a mortgage on real estate in the city of Mobile, executed June 15, 1885, by Peter Burke and wife to Hearin as trustee, to secure the payment of a note for fourteen thousand dollars made by them to the bank. It having been ascertained that a part of the property was the statutory separate estate of Mrs. Burke, complainants abandoned any claim to subject that portion to the mortgage. After making appropriate allegations in respect to the mortgage, the bill avers that P. J. Lyons, one of the defendants, recovered, July 10, 1889, a judgment against Burke for over fifteen thousand dollars, upon which he had caused execution to be issued and levied upon the mortgaged property, and was threatening to sell it, claiming that the purchaser at the execution sale would be entitled to hold the property against complainants and any person purchasing at a sale of foreclosure. One purpose of the bill is to restrain Lyons from selling under his execution.

His demurrer to the original bill having been overruled, Lyons filed an answer, which he made a cross-bill. It avers that Burke, being indebted to the bank in a large sum—one hundred thousand dollars—was induced to execute, in October, 1884, a mortgage on the most valuable piece of his real estate, to Hearin as trustee, to secure the indebtedness, upon an agreement or understanding that it should not be recorded, but kept secret, and renewed at short intervals, until his indebtedness was paid, or until some complication in his affairs should arise, which necessitated making the transaction public. The cross-bill further avers, that this course of dealing was continued, and new notes and mortgages made from time to time, every sixty or ninety days, the present mortgage being the last renewal, until the failure of Burke, July 25, 1885, on which day he made a deed of assignment; whereupon, and on the second day thereafter, the bank and Hearin caused the mortgage to be recorded. Also, that the divers mortgages were withheld from record, and the indebtedness concealed, for the purpose of enabling Burke to maintain his credit, and to obtain the indorsements of his friends upon paper which, by pre-arrangement, was afterwards given to the bank as security for part of his indebtedness. The cross-bill prays,

that the mortgage be declared fraudulent and void, and that the property be condemned and sold, and the proceeds applied to the payment of his judgment.

Upon the filing of the answer and cross-bill, complainants amended the original bill. The amendment avers, that Burke owed the bank an indebtedness separate and distinct from the mortgage debt, on which it instituted suit, and recovered, July 29, 1887, a judgment against him for over ten thousand dollars; and that the judgment was filed in the office of the judge of probate, in pursuance of "an act to provide for the registration and lien of judgments and decrees for the payment of money," approved February 28, 1887. It further avers, that Little, Wilkinson & Co. recovered a judgment against Burke, July 10, 1889, for a large sum of money, upon which it is claimed there is still due and unpaid about two thousand dollars, with interest; and that Little, as surviving partner, had filed the judgment in the office of the judge of probate, in accordance with the provisions of the act above mentioned, and had also filed a bill in the Chancery Court, seeking to have the mortgage declared fraudulent and void as to him. It also avers, that even if the mortgage could be held for any cause invalid as against Lyons and Little as surviving partner, or either of them, still the lien of their respective judgments is inferior to the lien of the recorded judgment of the bank. The amendment prays, that the lien of the judgment in favor of the bank be decreed and declared superior to the lien of the judgments in favor of Lyons and Little, Wilkinson & Co., and that the mortgaged property be sold and the proceeds applied to the payment of the liens on the same according to the principles of law and equity.

Lyons and Little each demurred to so much of the amended bill as sets up the existence of any lien arising upon the judgment of the bank, and as prays for any relief based upon such lien. The grounds of demurrer are : (1) that the allegations and prayer of the amendment are inconsistent with, and repugnant to the allegations and prayer of the original bill; (2) that the amendment constitutes a radical departure from the case made by the original bill; (3) that complainants are estopped by its averments from contending that Burke had any interest in the mortgaged property, to which the lien of the judgment could attach.

A bill may be amended so as to present the case of the complainant in the alternative, provided the rule that the same defense must be applicable to each alternative, and must entitle the complainant to the same relief, or relief of the same character, is observed. The purpose of the rule, allow-

ing a bill to be framed in a double respect, is to enable the complainant, where his title to relief depends on the truth of one or another state of facts, to state them in the alternative, thus adapting the relief to the premises, so that if the court should decide against him on one state of facts, it may yet grant him relief on another. The introduction of new matter, or a new cause of action, is not the office of an amendment. When the alternative allegations are introduced, they must relate to the cause of action and subject-matter presented in the original bill. Inconsistent titles or claims to relief can not be introduced, nor a new and different right preferred which would vary the relief if granted, essentially in character, from the relief which could have been obtained on the original bill, nor can separate and distinct causes of action be blended by amendment.—*Rapier v. Gulf City Paper Co.*, 9 Ala. 476; *Ward v. Patton*, 75 Ala. 207.

The cause of action and subject-matter of the original bill are the mortgage and its foreclosure ; of the amendment, the judgment and enforcement of its lien. By the bill as amended complainants seek, first, special relief based on the validity of the mortgage—a foreclosure and sale of the property for its satisfaction ; and, second, relief based on the invalidity of the mortgage—the enforcement of the lien of the judgment and a sale of the property for its satisfaction, in the event the mortgage is held invalid for any cause. It is manifest, the amendment introduces a new and distinct cause of action, and prefers a new and different right, on which if relief were granted, it would be substantially different from, and inconsistent with, the only relief which could be obtained on the original bill ; and constitutes a radical departure from the case made by it. The amended bill reduces itself to a disjunctive statement of distinct causes of action. This is not regarded as good pleading in law or in equity, because calculated to impart uncertainty, to embarrass the defendant in making defense, and to produce inextricable confusion. In one aspect of the bill, complainants sue in the character of a mortgagee, and in the other, of a judgment-creditor; attempting, in the first aspect, to make a case in which the mortgagee, and in the second a case in which the judgment, will be held superior to any claim or lien of the other judgment-creditors. Complainants sue on distinct causes of action, in different characters and rights, and the kind of relief in the respective aspects is dissimilar.— *Globe I. Roof & Cor. Co. v. Thatcher*, 87 Ala. 458.

The contention, that the amendment setting up the judgment is consistent with the claim to foreclose the mortgage presented by the original bill, is rested on the proposition,

that the amended bill makes the case where the same party, holding two lien securities, both created by the contract of the defendant, Burke, and both alleged to be superior to the lien of either of the defendants, Lyons and Little, is seeking to have them enforced on the same property. It may be, that several liens, created by contracts, express or implied, dealing with or relating to specific property, can be consistently set up in one bill, and relief granted as to both; but, in such case, both must be sought to be enforced conjunctively on the particular property as valid liens; not the enforcement of one contingent on the other being held invalid—not of one or the other. But the case made by the bill is not a case where both liens are created by contract. The lien of a judgment is not the subject of, and has none of the properties of a contract. It is the creature of legislation, and may be taken away without impairing the obligation of contracts—a statutory lien. *Curry v. Landers*, 35 Ala. 280; *Martin v. Hewitt*, 44 Ala. 418. The general rule is, that equity will not lend its aid to enforce a statutory lien, unless there exists some special or controlling equity, which justifies the interposition of the court, such as the necessity of removing a fraudulent conveyance, or other impediment to the full execution of the judgment. *Howe Machine Co. v. Menier*, 28 Kan. 441; 13 Am. & Eng. Encyc. of Law, 613. The statutes fix the priorities of liens of judgments and executions, and the mode of collection. The remedy at law is adequate and complete. The amendment does not show any legal obstacle to the enforcement of the lien at law. Besides, if it were permissible to adopt the form of pleading resorted to, when a bill sets forth alternatively or disjunctively distinct causes of action, no relief can be granted, unless each branch presents a case of equitable cognizance; by analogy to the well settled rule, that alternative averments are insufficient, unless each alternative shows a good cause of action.—*Lucas v. Oliver*, 34 Ala. 626. So much of the amended bill as seeks to enforce the judgment lien contains no equity.

Neither do the complainants jointly hold both liens. Hearin had no connection with, or interest in the judgment, or right to the enforcement of its lien. In respect to the judgment, there is no community of interest in the complainants. The bill as amended seeks to enforce rights unconnected, and having no relation to each other; such a bill is multifarious. *Bean v. Bean*, 37 Ala. 17. Hearin, being trustee, is a necessary party to a bill to foreclose the mortgage; but is not even a proper party to a bill to enforce the lien of the judgment, and can not recover on that branch of the bill. The com-

[Mobile & Ohio Railroad Company v. Dismukes.]

plainants having joined, unless they are both entitled to relief, neither can recover. The demurrer was properly sustained.

The only objection assigned as ground of demurrer to the cross-bill of Lyons is, that Hearin is made a party as an individual. The legal title to the premises is vested in him by the mortgage, and he may properly be made a party defendant individually as well as trustee. Another and different person is not brought in, but the same person, in different characters. There is nothing in this objection.

Affirmed.