124  621
s135 514

SENN v. THE SOUTHERN RAILWAY COMPANY, *Appellant.*

Division One, November 12, 1894.

1. **Railroad**: ACTION FOR DEATH OF MINOR: PARTIES: STATUTE. Where, pending an action, under Revised Statutes, 1889, section 4425, for the death of an unmarried minor son, brought by the father and mother, the mother dies, the father may continue the action in his own name.

2. ———: ———: ———: ———. The statute confers on the parent surviving at the date of the judgment the full amount of the forfeiture.

3. **City Ordinance**: TITLE: STREET RAILWAY. A city ordinance entitled "public carriers" may properly provide for the regulation of street railway cars.

4. **Railroad**: CONTRIBUTORY NEGLIGENCE: INSTRUCTION. An instruction, in this case, that there was no evidence of contributory negligence on the part of plaintiff, after he saw the danger to which his child was exposed, *held,* error.

*Appeal from St. Louis County Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

REVERSED AND REMANDED.

*Lubke & Muench* for appellant.

(1) The action abated entirely on the death of Mrs. Senn. The statute which gives the right to sue for the death of a person caused by the negligence of a carrier, fixes the "forfeit" at $5,000. R. S., sec. 4425. This statute creates a new cause of action penal in its character. The recovery must be $5,000 or nothing; and a judgment for a smaller amount will be arrested on motion of the defendant. *Rafferty v. Railroad,* 15 Mo. App. 559; *McNamara v. Slavens,* 76 Mo. 329; *Buel v. Transfer Co.,* 45 Mo. 562; *Gibbs v. Han-*

*nibal*, 82 Mo. 143. (2) The evidence clearly establishes contributory negligence on the part of the plaintiff. It is conclusively shown that plaintiff failed to exercise such care concerning the safety of his child, as an ordinarily prudent parent would have exercised under the like circumstances. The boy was small and of tender years. He had not yet attended school, although he was just beginning to be of the statutory school age (R. S., 7999). He had only attended the kindergarten some months. He lacked nearly four years of being a competent witness without special qualification (R. S., 8925), and nearly eight years of competency to choose a guardian (R. S., 5286). At common law he was conclusively presumed to be incapable of committing crime. Bishop's Criminal Law [8 Ed.], sec. 368; *State v. Adams*, 76 Mo. 355. (3) The ordinance was invalid because of its title, the city charter providing that no ordinance shall contain more than one subject, which shall be clearly expressed in its title.

*Dodge & Mulvihill* for respondent.

(1) The father, as the sole surviving parent of Charlie Senn, is entitled to proceed with this action, having been commenced within the statutory period by both father and mother. R. S. 1889, sec. 4425; *Tobin v. Railroad*, 18 S. W. Rep. 996, and cases cited; *Marshall v. Railroad*, 25 S. W. Rep. 179. (2) *First.* The part of the city where plaintiff lived and where the injury took place, was within three blocks of the southern city limits; cars passed only once in fifteen minutes at this time of day; the track was single, as this was the end of the road. There was not a scintilla of evidence of negligence on the part of the plaintiff and his then wife, Mary Senn; and there being none, it was

the duty of the court to so declare.   *Walter v. Hoeffner,* 54 Mo. App. 554; *Dunn v. Railroad,* 98 Mo. 652. *Second.*   The question of the contributory negligence on part of the boy Charlie was submitted to the jury under proper instructions.   *Senn v. Railroad,* 108 Mo. 143.   (3)  *First.*  The third amended petition was drawn to recover the penalty of $5,000, under the statutes of this state, and the ordinances passed by the city of St. Louis, to all of which the defendant was subject. The ordinances read were competent and valid.   R. S. 1889, sec. 4846; *City of Tarkio v. Cook,* 25 S. W. Rep. 202; *Fath v. Railroad,* 105 Mo. 540; *St. Louis v. Green,* 7 Mo. App. 468; *St. Louis v. Tiefel,* 42 Mo. 578. *Second.*  No defense as to the invalidity of the ordinance was set up in the answer, and hence can not be urged in this court under a general denial with a plea of contributory negligence.   Bliss on Code Pleading, sec. 352; *Bluedorn v. Railroad,* 121 Mo. 258.   *Third.* The defendant is estopped from claiming the invalidity of the ordinance in question.   *Fath v. Railroad, supra.* (4)  The instructions fairly present the law applicable to the case and are correct.   Number 1 is about the same instruction which was passed on by this court in the former appeal as being correct.   The same can be said of numbers 3, 4 and 6.   Number 2 is correct, according to the law in *Britton v. St. Louis,* 25 S. W. Rep. 338.

MACFARLANE, J.—A former appeal of this case is reported in 108 Mo., pages 142 to 153.   The suit was commenced by Christian Senn and his wife to recover damages on account of the death of their minor son, occasioned, as alleged, by the negligence of defendant in the management of one of its street cars in the city of St. Louis.   Pending the former appeal the mother of the deceased child died.   After the cause had been

remanded to the circuit court, plaintiff, as the surviving parent of deceased, filed an amended petition in which he claimed the entire damage given by the statute in such case. To this, defendant made appropriate objection, claiming that the cause of action did not survive, but abated upon the death of the mother. The objection was overruled by the circuit court.

Under this amended petition the negligence charged was the alleged violation of an ordinance of the city of St. Louis entitled, "An ordinance in relation to public carriers," which required that "the conductor and driver of each car shall keep a vigilant watch for all vehicles and persons on foot, especially children, on the track or moving towards it, and on the first appearance of danger to such persons or vehicles, the car shall be stopped in the shortest time and space possible. This ordinance was objected to as being in violation of the charter of the city.

The circumstance of the death of plaintiff's son as developed on the trial was substantially the same as is detailed in the opinion on the former appeal, and only such of the evidence as is necessary in order to make clear the questions of law involved need be stated in the opinion.

By the answer defendant pleaded contributory negligence of both the child and the parents.

I.   It is claimed by counsel that, upon the death of the mother of the child, pending the suit, the father could not lawfully continue the action alone, and it necessarily abated.

The statute in conferring a right of action for the death of a person caused by the wrongful or negligent act of another, in designating the parties by whom the suit should be prosecuted, declares, "if such deceased be a minor and unmarried, * * * then by the father and mother, who may join in the suit, and each

shall have an equal interest in the judgment; or if either of them be dead, then by the survivor." R. S. 1889, sec. 4425.

The party guilty of the wrongful act or neglect is made liable by the statute to "forfeit and pay" for such death to the person or persons entitled to sue therefor the sum of five thousand dollars. The amount of the damage is thus fixed and no greater or less amount can be recovered. There is only one cause of action, which can not be divided. In case the person whose death results be a minor and unmarried, as in this case, the cause of action accrues to the father and mother, if both be living, or if one be dead, to the survivor. In each case the cause of action is the same. The non-joinder of the father and mother would not abate the suit, though they were not joined until the period in which suit is required to be commenced had expired. *Buel v. Transfer Co.*, 45 Mo. 563.

By commencing a joint suit each appropriated the right of action. The right to prosecute the suit for the entire damage is joint while the suit is pending, and both parents are living. The division is not made between them until after judgment. Each shall then "have an equal interest in the judgment." In case of the death of one of the parties pending the suit, no reappropriation of the cause of action by the other becomes necessary.

We think it clear from the express language of the statute, to say nothing of the reason and justice of the case, that it intended to confer the right, not only to the cause of action, but to the forfeiture, or damage recovered, upon both parents, or the one surviving at the date of the judgment. It is true that the word "survivor" as used in the statute literally imports that one of the parents had died before the suit was com-

menced; but, taking the language of the entire statute, and its manifest purpose, we think the word should be given a meaning more consistent with the clear intention of the legislature.

The precise question was passed upon by division one of this court in the case of *Tobin v. Railroad,* and the opinion is reported in 18 S. W. Rep. 997. The case was afterwards transferred to court *in banc,* on account of the dissent of one of the judges of the division, and was settled by the parties without consideration by the court, and the opinion was never officially published. I take the opinion, however, to be that of all of the concurring judges.

In that case BARCLAY, J., who delivered the opinion of the court, disposed of the question in this language:

"The use of the word 'survivor,' in this connection, clearly implies a legislative intent to vest the right of action in the parents jointly, with the incident of survivorship in favor of either parent in event of death of the other before judgment. This interpretation is analogous to that placed on that word in the common law of joint tenancy, in which it is familiar to the legal profession. 2 Bl. Comm., p. 184. The term is also employed in a somewhat similar sense in the law governing the ownership (at common law) of the choses in action of a wife, when not reduced to possession during the joint lives of the spouses (*Stephens v. Beal* (1848), 4 Ga. 319; 9 Am. and Eng. Encyclopedia of Law, p. 846, and cases cited there), and in the law touching the devolution of title to strict community property of husband and wife, where it prevails. *Packard v. Arellanes* (1861), 17 Cal. 525; *Good v. Coombs* (1866), 28 Tex. 34. We think that the analogies of the law support the meaning ascribed to this word (as it occurs in the statute in question) by the

Senn v. The Southern R'y Co.

trial court, and that the latter did not err in permitting the cause to proceed in the name of the father, as the sole surviving parent."

The suit was properly continued in the name of the surviving father for the full amount of the damage.

II. The charter of the city forbids any ordinance to relate to more than one subject which shall be clearly expressed in the title. The ordinance in question was entitled "Public Carriers." It is insisted that this title relates to various subjects, ranging from the "rapid electric railway company to the conservative shover of a hand cart;" that these subjects are absolutely incongruous and the ordinance is therefore void as in violation of the said charter prohibition.

In discussing a constitutional provision similar to this charter requirement as affecting an act of the general assembly, in the recent case of *State ex rel. v. County Court*, 102 Mo. 537, the court lays down these general principles:

"This provision of the fundamental law has uniformly received in this court a broad and liberal construction in accordance with the obvious purposes of its adoption. It was not designated to unreasonably hamper the legislative department in the exercise of its legitimate powers. So it has been often ruled that details of legislation, fairly germane to the general subject of an act, need not be specially mentioned in the title. It is for the legislature to determine what subject shall be dealt with in a particular bill. Mere generality in its title will not invalidate it where the topics treated are kindred in nature and have a legitimate and natural association under the head which the title states. *State v. Mathews* (1869), 44 Mo. 523; *Woodruff v. Baldwin* (1880), 23 Kan. 491."

There can be no doubt that the title of the ordi-

nance in question, though merely general in its terms, fairly includes the subject treated. The regulation of street railroad cars is a subject fairly germane to the general title given to the ordinance. "The generality of a title is [therefore] no objection to it, so long as it is not made a cover to legislation incongruous in itself, and which by no fair intendment can be considered as having a necessary or proper connection." Cooley's Const. Lim. [6 Ed.], p. 172; *Lynch v. Murphy,* 119 Mo. 163, and cases cited.

III. Contributory negligence on the part of the parents of the deceased child was made an issue on the trial. Defendant asked the court, at the conclusion of the evidence, to direct a verdict for defendant on the ground that it conclusively, and without conflict, showed contributory negligence of the parents.

This the court declined to do, but on the contrary, instructed the jury that there was "no evidence in this case showing any contributory negligence on the part of the plaintiff or his former wife, Mary." The rulings of the court in these particulars are assigned as error.

The evidence shows that the child was six years and seven months old at the time of his death. Plaintiff with his family lived on the east side of Broadway, and at the time of the accident was in his front yard engaged in putting down sod. From the place plaintiff was at work he had a full view of Broadway. Upon this street defendant operated a horse railway. The grade of the track declined to the south about two and one half feet to the block. The mother of deceased, with the knowledge of plaintiff, sent the boy to drive home the cows, which were grazing on a vacant lot on the opposite side of the street, and in a southwesterly direction from plaintiff's home. On his way for the cows, deceased was joined by another boy

some years older.  As the boys were returning with the cows, and after the cows and the elder boy had crossed the track, deceased was run over by one of defendant's southbound cars which was drawn by two mules.

Plaintiff testified:  "I saw one cow crossing the street, and the other coming down the bank a piece, and the boys right behind them, and I picked up the sod, and just as I turned I saw the street car coming down at a slow trot."  He further testified that when the car was passing him it was about one hundred feet from where the cows and boys were crossing the street. "I did not pay any more attention.  If I had thought of anything like that, I would have called the boy in. I saw them coming with the cows.  I saw the car passing, but I paid no further attention."  At that time plaintiff said he was about one hundred and fifty feet from the boys.  He could not have been over fifty feet from the car.  He gave no word of caution to either the boy or the driver of the car but resumed his work and paid no "more attention."  The car moving in one direction and the boy approaching it diagonally, in the other direction, the collision must have occurred within a very few seconds after the plaintiff saw the situation and movements of both.

If negligence could not be attributed to the child, on account of his incapacity to appreciate the danger, or want of discretion to avoid it, then it was certainly the duty of the parent to use all reasonable care to protect him from impending perils.  The parent who neglects such duty, and such neglect contributes to the death of the child, can not recover damages on account thereof.  The negligence of the child is imputable to the parent.  *Stillson v. Railroad*, 67 Mo. 674; *Reilly v. Railroad*, 94 Mo. 609; *Lynch v. Street R'y Co.*, 112 Mo. 439.

All inferences of fact are to be drawn by the jury, unless only one can be drawn, in which case alone the court may declare it. The question here is whether plaintiff, in his situation, by paying attention, could have discovered the peril to which his child was exposed, and by timely action could have prevented it. We do not think the inference of negligence on the part of plaintiff so clearly appears from the evidence as to have justified the court in declaring it as a matter of law; but the circumstances do furnish abundant ground for the jurors to draw such a conclusion if they saw proper under the evidence. We think the court committed error in instructing the jury that there was no evidence of contributory negligence on the part of plaintiff after he saw the danger to which his child was exposed.

We find no other prejudicial error upon the record.

For the error noted above the judgment is reversed and cause remanded for a new trial. All concur.